**SPARTANICS, LTD., Plaintiff,**

v.

**DYNETICS ENGINEERING CORPORATION, Defendant.**

**No. 71 C 1335.**

United States District Court,
N. D. Illinois, E. D.

Jan. 14, 1972.

---

Richard ˙ Lione and Clyde Willian, Hume, Clement, Hume & Lee, Ltd., Chicago, Ill., for plaintiff.

Willis J. Jensen and Joseph Krieger, Mason, Kolehmainen, Rathburn & Wyss, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

BAUER, District Judge.

This cause comes on the motion of plaintiff to compel discovery pursuant to Rule 37 of the Federal Rules of Civil Procedure. The action, arising under the patent laws of the United States, involves the alleged infringement by defendant of plaintiff's patent for a pitch matching detecting and counting system.

Plaintiff seeks discovery of two types: (1) the production for inspection and copying or testing of all documents and/or tangible things related to each model or type of sheet material counting device sold by defendant; and (2) the answers of defendant's President, James E. Hill, to questions related to each model or type of sheet material counting device sold by defendant. Specifically, plaintiff is seeking information relevant to (1) the construction and operation of said devices, (2) defendant's recognition of the need for such devices and its entry into the market, and (3) control of this litigation. Defendant objects to supplying the requested information to plaintiff's personnel, claiming that such information is privileged as a trade secret.

It is well settled that where information sought is relevant and necessary to the presentation of the case, the fact that such information constitutes a trade secret need not bar discovery. When the Court directs such discovery,

it may impose special conditions for the protection of the party required to answer. V. D. Anderson Co. v. Helena Cotton Oil Co., 117 F.Supp. 932, 941 (E.D. Ark. 1953).

At this stage of the discovery proceedings, this Court is of the opinion that it is appropriate to begin with a general Order for disclosure of requested information. This will afford the parties greater flexibility by allowing them to obtain more specific rulings regarding particular problems as they arise.

■■■ Since plaintiff has demonstrated its need for the information in order to prepare for the litigation, it is necessary that defendant answer questions and produce documents related to the construction and operation of their counting devices, as well as those related to defendant's recognition of the need for such devices and its entry into the market. However, plaintiff has no absolute right to information relevant to the control of this litigation, Chenault v. Nebraska Farm Products, Inc. et al., 9 F.R.D. 529, 533 (D.Neb.1949). Defendant, objecting to disclosing further information at this time, points out that it already has stated that no one else is in control of the litigation or has power to influence decisions regarding the defense of the suit. Accordingly, this Court is of the opinion that discovery of this aspect should be denied unless or until this Court determines that the patent sued upon is valid and has been infringed by defendant.

As to the extent to which such confidential information may be disclosed, since the material requested is diverse this Court considers it proper to require that such information be disclosed only to plaintiff's trial attorneys at this time. However, with the approval of defendant, plaintiff's trial counsel may consult with independent experts regarding the privileged information. Should counsel for plaintiff need to consult with any of plaintiff's employees regarding such confidential information in order to prepare for the litigation, this Court will entertain a petition to disclose further the essential material.

Accordingly, it is hereby ordered that:

(1) Defendant, Dynetics Engineering Corp., shall produce and permit the inspection and testing by plaintiff, Spartanics, Ltd., of all documents and/or tangible things related to each model or type of sheet material counting device sold by defendant, in particular

   (a) Documents and/or tangible things relevant to the construction and operation of said devices, and

   (b) Documents and/or tangible things relevant to defendant's recognition of the need for such devices and its entry into the market;

(2) James E. Hill shall answer questions related to each model or type of sheet material counting device sold by Dynetics Engineering Corp., in particular

   (a) Questions relevant to the construction and operation of said devices, and

   (b) Questions relevant to defendant's recognition of the need for such devices and its entry into the market;

(3) Defendant need not disclose to plaintiff whether anyone other than defendant is contributing or has contributed to the financing of this litigation, nor produce any documents relating thereto unless or until this Court determines that the patent sued upon is valid and has been infringed by defendant;

(4) Access to any materials which are the subject of or relate to a trade secret or other confidential research, development, or commercial information (hereinafter collectively referred to as "confidential information") and which are disclosed during the course of discovery in this action shall be restricted solely to trial counsel for the party obtaining such discovery;

(a) For the purposes of this Order, the term "trial counsel" shall refer only to those attorneys charged with the responsibility for and actively engaged in trial preparation for this case;

(b) It shall be the duty of the party claiming privilege as to such confidential information to indicate to the other party and its attorneys which of the materials are considered to be confidential;

(5) Insofar as trial counsel who obtain confidential information may deem it necessary for the preparation or trial of this case to consult with independent experts, they may disclose such confidential information to not more than two independent consultants not regularly employed or associated with either party; provided, however, that

(a) No such expert shall be consulted until the party disclosing the confidential information approves of the consultant and of the confidential information which is to be disclosed, and

(b) Such independent consultant or consultants in writing agree not to discuss or permit to be disclosed such confidential information to any other person than such trial counsel;

(6) Confidential information so designated shall not be filed with the Clerk of the Court or included in whole or in part in pleadings, motions, or briefs, except under seal and, when so filed, shall be opened only by personnel authorized by this Court;

(7) Confidential information disclosed pursuant to this Order shall be used only for purposes of this litigation, confidential materials shall not be copied, and upon completion or termination of the litigation, all materials which are the subject of or relate to confidential information shall be returned to the party producing them; and

(8) Nothing herein shall preclude either party from seeking in the future an order from this Court modifying this Order with respect to particular information designated as confidential; provided, however, that such party shall notify the other party at least ten days prior to seeking such modification.