**TRIANGLE INK AND COLOR CO., INC., a New York corporation, Plaintiff,**

v.

**The SHERWIN–WILLIAMS CO., an Ohio corporation, Defendant.**

**No. 73 C 1467.**

United States District Court, N. D. Illinois, E. D.

Jan. 4, 1974.

---

Jack B. Schmetterer, Mark S. Lieberman, Gottlieb & Schwartz, Chicago, Ill., for plaintiff.

Frank F. Fowle, Ellis A. Ballard, E. Manning Giles, Pope, Ballard, Shepard & Fowle, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

BAUER, District Judge.

This cause comes on the plaintiff's motion for an order compelling certain discovery and production of documents pursuant to Rule 37 of the Federal Rules of Civil Procedure.

The plaintiff seeks this Court to permit plaintiff to examine the Benson Deposition Group Exhibits C, D, G, and H heretofore filed and sealed with this Court; to order deponent Benson to answer deposition questions pertaining thereto; and to require deponent Benson, and defendant The Sherwin-Williams Company and defense counsel Charles Bretz to pay reasonable attorneys fees and costs to plaintiff occasioned by attempts to destroy said exhibits in part and by their joint refusal to permit inspection by plaintiff pursuant to the subpoena.

The plaintiff Triangle Ink and Color Co., Inc. ("Triangle") entered into an agreement with the defendant The Sherwin-Williams Company ("Sherwin-Williams") dated February 26, 1963 in which Triangle granted to Sherwin-Williams for a term of five years an exclusive license to manufacture, use and sell certain flushed color and printing ink vehicles referred to therein as "Vehicle X" and "X-Type Vehicles", and products containing such vehicles. These vehicles were allegedly developed by Triangle prior to 1963 and were and are allegedly acknowledged by Sherwin-Williams and the printing ink industry in general as containing superior properties for the manufacture of flushed colors and printing inks. After a period of five years, during which Triangle and Sherwin-Williams duly performed all the terms and conditions of the 1963 agreement, Triangle and Sherwin-Williams entered into an agreement, dated February 26, 1968, extending the exclusive license arrangement between Triangle and Sherwin-Williams for an additional ten-year period, and modifying the schedule of royalties to be paid Triangle during said ten-year period based upon the weight of products sold (compounded or non-compounded) using Vehicle X or X-Type Vehicles.

The plaintiff, in the complaint, alleges, *inter alia*, that the defendant breached these agreements between the parties by the disclosure to Sun Chemical Corporation of trade secrets, confidential technology, and know-how related to manufacture and use of Vehicle X and X-Type Vehicles without plaintiffs knowledge or consent and contrary to the 1963 and 1968 agreements.

The defendant, Sherwin-Williams, opposes the instant motion on the grounds that it forces Sherwin-Williams to discloses its confidential Alkai Blue Flushing technology to Triangle's technical personnel and this technology has nothing to do with the instant litigation.

The plaintiff, in support of the instant motion, contends that it will be impossible for the plaintiff to discover evidence of the divulged secrets and thus properly prepare its case unless these documents are made available and the witness ordered to testify pertaining thereto.

The defendant Sherwin-Williams has stated that it is willing to disclose:

(1) to Triangle any formula cards in the Benson deposition exhibits

which Dr. Benson disclosed to Sun Chemical Corporation ("Sun");

(2) to Triangle the portions of all formula cards in the Benson deposition exhibits which are not confidential or which show the presence of Vehicle X or X-Type Vehicles;

(3) to Triangle's counsel, but not to Triangle's technical personnel, any of the confidential portions of such exhibits.

Thus, the crucial question presented by Triangle's motion is whether its technical personnel may have access to Sherwin-Williams' alleged proprietary technology which is questionably related to issues in the instant action.

■ It is well settled that where information sought is relevant and necessary to the presentation of a case, the fact that such information constitutes a trade secret need not bar discovery. Covey Oil Co. v. Continental Oil Co., 340 F.2d 993 (10th Cir. 1965), cert. denied, 380 U.S. 964, 85 S.Ct. 1110, 14 L.Ed.2d 155 (1965). Since there is no true privilege against discovery of trade secrets or other confidential business information, courts must exercise discretion to avoid unnecessary disclosure of such information. A. H. Robins Co. v. Fadely, 299 F.2d 557 (5th Cir. 1962). When a court directs such discovery, it may thus impose special conditions for the protection of the party required to answer. Sparanics Ltd. v. Dynetics Engineering Corporation, 54 F.R.D. 524 (N.D.Ill. 1972); V. D. Anderson Co. v. Helena Cotton Oil Co., 117 F.Supp. 932 (E.D. Ark.1953).

■ The plaintiff has sufficiently demonstrated its need for certain information in order to prepare for the instant litigation. It is thus necessary that the defendant produce certain documents and Dr. Benson answer certain questions related to those exhibits which Dr. Benson disclosed to Sun and those exhibits which are not confidential or which show the presence or absence of Vehicle X or X-Type Vehicles. However, the plaintiff has no absolute right to information relevant to the control of this litigation. Chenault v. Nebraska Farm Products, Inc., et al., 9 F.R.D. 529 (D.Neb.1949).

As to the extent to which other confidential information contained in the instant exhibits may be disclosed, since the materials requested are not only highly technical but also contain crucial trade secrets of the defendant, this Court considers it proper to require that such information be disclosed at this time only to plaintiff's trial attorneys. Plaintiff's trial counsel may consult with independent experts regarding the privileged information provided the parties mutually agree as to the independent experts. This ruling does not bar plaintiff from making the appropriate motion should counsel for plaintiff need to consult with any of plaintiff's employees regarding such confidential information in order to prepare for the litigation.

Accordingly, it is hereby ordered:

1. Dr. Benson shall answer questions concerning Benson Deposition Exhibits C, D, G, and H which involve that information disclosed to the Sun Chemical Corporation and that information which is not confidential or which shows the presence or absence of Vehicle X or X-Type Vehicles.

2. The defendant Sherwin-Williams shall produce and permit the inspection by the plaintiff of those parts of Benson Deposition Exhibits C, D, G, and H which consist of that information disclosed to the Sun Chemical Corporation and that information which is not confidential or which shows the presence or absence of Vehicle X or X-Type Vehicles.

3. Access to any other materials contained in Benson Deposition Exhibits C, D, G, and H which are

not covered above and which are trade secrets or confidential information shall be disclosed only to plaintiff's trial counsel ("trial counsel" shall refer only to those attorneys charged with the responsibility for and actively engaged in trial preparation of this case).. It shall be the duty of the defendant to indicate to the plaintiff and its attorneys which of the materials are considered to be confidential. Plaintiff's trial counsel shall not disclose such confidential information to the plaintiff or its employees.

4. Insofar as plaintiff's trial counsel who obtains the confidential information pursuant to paragraph 3 above may deem it necessary for the preparation of the instant litigation to consult with independent experts, they may disclose such confidential information to not more than two independent experts not regularly employed or associated with either party; provided, however, that

(a) no such expert shall be consulted until the defendant approves of the expert, and

(b) such independent experts shall state in writing prior to any disclosure of confidential information as provided in the Protective Order of September 18, 1973 that they agree not to discuss or allow to be disclosed any such information to any person other than the plaintiff's trial counsel.

5. All confidential information disclosed pursuant to this order shall be covered by this Court's Protective Order entered September 18, 1973.

6. Plaintiff's motion to require deponent Benson and defendant The Sherwin-Williams Company, and defense counsel Charles Bretz to pay reasonable attorneys fees and costs to the plaintiff is denied.