Annette **MAKAR–WELLBON** and
**Sheri L. Bartel, Plaintiffs,**

v.

**SONY ELECTRONICS, INC., Defendant.**

No. Civ.A. 98–C–0742.

United States District Court,
E.D. Wisconsin.

July 14, 1999.

Curry First/Lynn M. Novotnak, First, Blondis, Albrecht, Bangert & Novotnak, Milwaukee, WI, for plaintiffs.

John A. Ybarra, Vania I. Montero, Littler Mendelson P.C., Chicago, IL, Shepard A. Davis, Burton & Davis, Milwaukee, WI, for defendant.

### ORDER DENYING PARTIES' RE-QUEST FOR STIPULATED PROTECTIVE ORDER

REYNOLDS, District Judge.

Plaintiffs bring this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*, alleging that they suffered gender discrimination, sexual harassment, and retaliation, while working at defendant's Kenosha, Wisconsin, outlet store. Currently before the court is a stipulated protective order submitted by the parties for court approval.

The parties have submitted a fairly standard stipulated protective order. The stipulation would provide court-sanctioned confidentiality to a variety of discovery materials produced in this action. The proposed order is of a type that many courts routinely approve without much scrutiny. The Seventh Circuit, however, has emphasized the need for more thorough consideration when it comes to issuing protective orders. *See Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943 (7th Cir.1999).

The parties request a protective order pursuant to Fed.R.Civ.P. 26(c). That rule permits parties to move for protective orders for "good cause shown." Fed. R.Civ.P. 26(c). The Seventh Circuit has held that "[e]ven if the parties agree that a protective order should be entered, they still have 'the burden of showing that good cause exists for issuance of that order.'" *Jepson, Inc. v. Makita Elec. Works, Ltd.*, 30 F.3d 854, 858 (7th Cir.1994) (quoting *Public Citizen v. Liggett Group, Inc.*, 858 F.2d 775, 789 (1st Cir.1988)). "In deciding whether to issue a stipulated protective order, the district court must independently determine if 'good cause' exists." *Id.* Determining whether good cause exists requires a balancing of the potential harm to litigants' interests against the public's right to obtain information concerning judicial proceedings. The court does not necessarily have to determine good cause on a document-by-document basis. *See Citizen's First Nat'l Bank of Princeton*, 178 F.3d at 946. However, the parties must show "that disclosure will work a clearly defined and serious injury." *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3rd Cir.1994).

The parties here have made no showing of good cause. Their stipulation merely states that they seek to protect information "pertaining to personnel files or confidential personnel-related documents concerning Defendant's employees and/or former employees, and proprietary and any other confidential documents called for by Plaintiffs' written discovery requests." (Apr. 27, 1999 Agreed Protective Order). In an employment discrimination case of this type, the parties' proposed order could cover a lion's share of the material produced in discovery.

The parties are free to enter agreements between themselves regarding how they will disseminate material produced in discovery. Then, if they disagree about whether particular documents should be deemed confidential, the party seeking protection can make a Rule 26(c) motion regarding those documents. Otherwise, if the parties still wish to obtain the broad protective order sought in their stipulation, they must

provide the court with a more specific description of the individual documents or categories of documents they seek to protect. The parties should also provide affidavits explaining why good cause exists to protect those documents from disclosure.

## CONCLUSION

The request by the parties for entry of a stipulated protective order is **DENIED**.