Michael ADAMS, Plaintiff,

v.

ALLSTATE INSURANCE COMPANY,
Defendant.

No. CIV.A. 96–5670.

United States District Court,
E.D. Pennsylvania.

Sept. 22, 1999.

Joseph M. Adams, Doylestown, PA, for plaintiff.

Norbert Bergholtz, Dechert, Price & Rhoads, Philadelphia, PA, for defendant.

### MEMORANDUM

JOYNER, District Judge.

Plaintiff has filed this action against Allstate Insurance Company ("Allstate") alleging that it acted in bad faith in handling plaintiff's two underinsured motorist ("UIM") claims. On June 14, 1999, plaintiff filed a Motion to Compel Defendant's Production of Documents and Answers to Interrogatories. For the reasons that follow, the motion is granted in part and denied in part.

### Background

This action arises out of two unrelated automobile accidents that occurred on March 6, 1989 and September 20, 1991. Plaintiff has sued Allstate, alleging bad faith in handling plaintiff's underinsured motorist claims that arose from these accidents. Plaintiff filed a motion to compel on February 25, 1997, which was dismissed without prejudice when the Court placed this case in civil suspense awaiting final resolution of plaintiff's underlying underinsured motorist claims. Those claims are now resolved, and the case was removed from suspense on March 25, 1999. On June 14, 1999, plaintiff re-filed his

motion to compel, which is now before the Court.

## Discussion

### I. DEFENDANT'S PRIVILEGE CLAIMS

In most of the topics discussed below, defendant raises privileges. Federal Rule of Civil Procedure 26(b)(5) requires a party refusing to disclose on the basis of a privilege to describe the nature of the privileged documents in such a way that the court can determine the applicability of the privilege. Although failure to comply with Rule 26(b)(5) in the first instance can lead to waiver of the privilege, courts ordinarily do not apply the rule so harshly. *See* Wright, Miller & Marcus, *Federal Practice and Procedure:* Civil 2d § 2016.1 at 231 (1994). Nevertheless, in this case the court cannot make a determination of the applicability of the privileges without further detail from defendant. Thus, the Court will rule on plaintiff's Motion to Compel without considering defendant's privilege claims.

To the extent that defendant wishes this court to consider its privilege and confidentiality arguments, it should file with this Court a Motion for Protective Order, including adequate detail to satisfy Rule 26(b)(5), within five (5) days of entry of this order. Plaintiff may respond within fourteen (14) days of defendant's Motion, if any is made. If defendant files such Motion for Protective Order, it is relieved from complying with this Memorandum and Order with regard to materials covered by its Motion.

### II. DISCOVERY OF MATERIAL BEYOND THE DATE OF FILING OF COMPLAINT

■ Defendant argues that plaintiff is not entitled to discover documents and information beyond the filing date of plaintiff's complaint. However, plaintiff's bad faith claim can include evidence of the insurer's bad faith that occurred after the filing of the complaint. *See O'Donnell v. Allstate Insurance Company,* 734 A.2d 901 (Pa.Super.1999). Plaintiff is entitled to discover "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case."

*Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978). Certainly, defendant's documents and files after the filing of plaintiff's complaint could bear on plaintiff's conduct during that period.

Defendant argues that *O'Donnell* includes an exception for post-filing actions of the insurer's counsel acting in an adversarial role. *See, e.g., O'Donnell* at 906. This argument is not relevant to the scope of discovery. Plaintiff could find relevant evidence of the insurer's conduct in the requested documents. Thus, defendant is ordered to comply with plaintiff's discovery requests seeking documents and information beyond the filing date of plaintiff's complaint.

### III. DISCOVERY OF FILE OF DOLORES MUELLER

Defendant argues that plaintiff is not entitled to discover material in the file of Dolores Mueller, because "under Pennsylvania law, absent an assignment of rights, a third-party claimant cannot assert that an insurer handled a third-party claim against its insured in bad faith" (Defendant's Response to Motion to Compel at 8). Defendant misunderstands plaintiff's complaint. Plaintiff has not asserted that defendant acted in bad faith toward Ms. Mueller. Rather, plaintiff alleges that defendant used Ms. Mueller's claim to delay, in bad faith, plaintiff's claim. Accordingly, defendant is ordered to comply with plaintiff's discovery requests regarding Ms. Mueller's claim.

### IV. DISCOVERY OF CLAIMS MANUALS AND COMPANY POLICIES

■ Plaintiff requests defendant's claims manual and training materials. Defendant objects on the grounds that these requests are "overly broad and unreasonably burdensome" (Defendant's Response to Motion to Compel at 9). This Court agrees with Magistrate Judge Rueter that claims manuals are discoverable, but only the portions relevant to processing the claim in question. *See Kaufman v. Nationwide Mutual Insurance Co.,* 1997 WL 703175 at *2 (E.D.Pa.1997). Accordingly, defendant is ordered to produce

portions of its claims manuals that relate to the processing of either plaintiff's claim or Dolores Mueller's claim.

Similarly, defendant's company policies relating to plaintiff's allegations are discoverable. Defendant is therefore ordered to comply with each of the following discovery requests, to the extent that they relate to the processing of either plaintiff's claim or Dolores Mueller's claim: Plaintiff's Interrogatories Nos. 8–9 (Allstate's policies regarding independent medical examinations), 14–15 (procedures relating to Allstate's relationship with its outside counsel in the past five years), 17 (policies regarding uninsured and underinsured policyholders), and 19 (changes Allstate implemented to its policies as a result of plaintiff's claim), as well as Plaintiff's Requests for Production Nos. 17 (Allstate training materials) and 22 (documents regarding the training of Allstate personnel).

Allstate's claims manuals and company policies may include confidential information. Accordingly, plaintiff is ordered to keep confidential all information discussed in this section of this memorandum.

## V.  DISCOVERY OF CLAIMS BROUGHT BY OTHER INSUREDS

■ Plaintiff requests documents and information relating to past claims brought by other Allstate insureds. Past claims by other insureds are not relevant to the present bad faith action before the court. *See North River Ins. Co. v. Greater N.Y. Mut. Ins. Co.,* 872 F.Supp. 1411, 1412 (E.D.Pa.1995). Accordingly, defendant need not comply with plaintiff's discovery requests regarding claims brought by its other insureds, except as discussed in Section III supra.

## VI.  DISCOVERY REGARDING OVERSIGHT OF ALLSTATE'S OUTSIDE COUNSEL

Plaintiff seeks documents and information relating to Allstate's relationship with its outside counsel, and its oversight of outside counsel. Defendant argues that these requests are irrelevant. This Court disagrees—the information sought could lead to relevant evidence. Defendant is therefore ordered to comply with plaintiff's discovery requests relating to Allstate's relationship with outside counsel, and oversight of outside counsel.

## VII.  DISCOVERY OF INFORMATION REGARDING ALLSTATE EMPLOYEES

■ Plaintiff seeks the personnel files of every Allstate employee who worked on plaintiff's claims. This request is overbroad, and seeks information that is unnecessarily invasive. Plaintiff should seek the information that it needs by a less invasive means, such as by deposition or interrogatory. Thus, defendant need not comply with Plaintiff's Request for Production No. 22.

## VIII.  DISCOVERY OF ALLSTATE'S FINANCIAL INFORMATION

■ Plaintiff requests defendant's financial statements and financial filings with the Pennsylvania Insurance Department. The Court finds these requests overbroad. Defendant should produce whatever financial statements it makes publicly available for the period requested. If plaintiff has a need for other financial information, it can file a motion to compel explaining its need.

Plaintiff also requests the published A.M. Best Company reports. These reports are available for sale by A.M. Best, and thus defendant need not produce these reports.

## IX.  DISCOVERY OF MATERIAL TO BE USED AT TRIAL

Plaintiff requests information related to expert witnesses and materials to be used at trial. Production of this information is governed by the Court's Scheduling Order. Defendant may have already produced some of this information, but if it has not discovery of this information will be governed by this Court's forthcoming revision of its Scheduling Order.

## X.  DEFENDANT'S OBJECTION TO "UNINTELLIGIBLE" AND "BIZARRE" REQUESTS

Defendant objects that Plaintiff's Requests for Production Nos. 7, 9, 10, 12, 13, and 23

are "vague and unintelligible." This Court has reviewed those requests, and does not agree. Although plaintiff has not defined the phrases "relating to" or "referred to" in the introduction to its request, the meaning of those phrases seems clear in the context of these requests. Defendant is ordered to comply with these requests.

Defendant also objects to Plaintiff's Request for Production No. 15 and Interrogatories Nos. 17 and 18 on the grounds that they are "bizarre." Whether or not they are bizarre, they are relevant to plaintiff's claim. Defendant is thus ordered to comply with these requests.

An appropriate Order follows.

### ORDER

AND NOW, this day of September, 1999, upon consideration of Plaintiff's Motion to Compel, Defendant's Response, Plaintiff's Reply, Plaintiff's Supplemental Reply, and Defendant's Surreply, it is hereby ORDERED, in accordance with the foregoing memorandum, that the Motion is GRANTED IN PART and DENIED IN PART. Plaintiff's Motion to Compel is GRANTED in accordance with the following:

1. Defendant is ORDERED to comply with Plaintiff's discovery requests seeking documents and information beyond the filing date of plaintiff's complaint.
2. Defendant is ORDERED to comply with Plaintiff's discovery requests regarding Ms. Mueller's claim.
3. Defendant is ORDERED to produce portions of its claims manuals that relate to the processing of either plaintiff's claim or Dolores Mueller's claim. Plaintiff is ordered to keep this information confidential.
4. Defendant is ORDERED to comply with Plaintiff's Interrogatories Nos. 8–9, 14–15, 17, and 19, and Plaintiff's Requests for Production Nos. 17 and 22. Plaintiff is ordered to keep this information confidential.
5. Defendant is ORDERED to comply with Plaintiff's discovery requests relating to Allstate's relationship with outside counsel, and oversight of outside counsel.
6. Defendant is ORDERED to produce whatever financial statements it makes publicly available for the period requested by Plaintiff.
7. Defendant is ORDERED to comply with Plaintiff's Requests for Production Nos. 7, 9, 10, 12, 13, and 23.
8. Defendant is ORDERED to comply with Plaintiff's Requests for Production No. 15 and Interrogatories Nos. 17 and 18.

All other aspects of Plaintiff's Motion to Compel are DENIED.

If Defendant wishes to renew its privilege objections, it should file with this Court a Motion for Protective Order, including adequate detail to satisfy Federal Rule of Civil Procedure 26(b)(5), within five (5) days of entry of this Order. Plaintiff may respond within fourteen (14) days of Defendant's Motion, if any is made. If defendant files such Motion for Protective Order, it is relieved from complying with this Memorandum and Order with regard to materials covered by its Motion.