Paula HAMILTON, Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,
Defendant.

No. IP00–1718 C T/K.

United States District Court,
S.D. Indiana,
Indianapolis Division.

Dec. 7, 2001.

Jeffrey Allen Cooke, The Cooke Law Office, Lafayette, IN, Timothy A. Rowe, Rowe and Hamilton, Indianapolis, IN, for plaintiff.

Dennis F. Cantrell, Bingham Summers Welsh & Spilman, Indianapolis, IN, for defendant.

## ENTRY ON DEFENDANT'S MOTION FOR A PROTECTIVE ORDER

BAKER, United States Magistrate Judge.

### I. Background

On September 24, 1999, Plaintiff Paula Hamilton was involved in a rear-end automobile collision. At the time of the accident, Hamilton was insured with Defendant State Farm Automobile Insurance Company pursuant to a liability insurance contract, which provided coverage for medical payments and lost pay.

Hamilton received treatment for her injuries. She alleges that during the claims resolution process, State Farm unreasonably delayed the review and payment of a portion or arbitrarily denied coverage of her medical and health care bills resulting from the injuries of her accident. As a result, Hamilton alleges that State Farm breached its contract of insurance, acted in bad faith, and intentionally inflicted emotional distress upon her. Hamilton served discovery requests on State Farm seeking information concerning claims handling policies, practices, and procedures.

State Farm has moved for a protective order, seeking to shield documents and information regarding its general claims handling policies, practices, and procedures. Further, State Farm seeks to limit the distribution of the information to individuals directly involved with this litigation, and exclude it from discovery by third parties, namely its competitors. State Farm asserts that good cause exists for entry of a protective order since this information contains confidential and proprietary business information.

Hamilton objects, claiming that State Farm's proposed protective order gives it unilateral discretion to designate information as confidential, and that any rights to privacy are outweighed by the public's right to access the information.

State Farm has agreed to produce all discovery documentation and information requested by the plaintiff in exchange for Hamilton not disseminating the information to third parties in anticipation of this Entry.

After reviewing the proposed protective order, the Court finds that it gives State Farm carte blanche to designate document, files, or other information as either confidential or trade secrets, and is not in compliance with the Seventh Circuit directions in *Citi-*

*zens First National Bank v. Cincinnati Insurance Co.,* 178 F.3d 943 (7th Cir.1999).

For the reasons set forth below, the Court DENIES State Farm's motion for entry of its proposed protective order. However, the Court finds that good cause exists for the entry of a modified protective order. Therefore, the Court sets forth in this Order parameters for a protective order which shall govern the proceedings in this case.

## II. Discussion

### Protective Order Under Rule 26(c)(7)

■ Generally, pretrial discovery must take place in the public unless compelling reasons exist for denying the public access to the proceedings. *See Bryan v. Eichenwald,* 191 F.R.D. 650, 652 (D.Kan.2000) ("the public has an interest in everything that occurs in [a] case, whether at trial or during the discovery stage of the litigation."). *See also Hagestad v. Tragesser,* 49 F.3d 1430, 1434 (9th Cir.1995) ("strong presumption in favor of access"); *Globe Newspaper v. Superior Court,* 457 U.S. 596, 602, 102 S.Ct. 2613, 73 L.Ed.2d 248 (1982) (Court recognized First Amendment right of access to court records and proceedings in criminal proceedings); *Citizens First National Bank v. Cincinnati Insurance Co.,* 178 F.3d 943, 944 (7th Cir. 1999) ("The parties to a lawsuit are not the only people who have a legitimate interest in the record compiled in a legal proceeding."); *In Matter of Continental Illinois Securities Litigation,* 732 F.2d 1302 (7th Cir.1984) (court held that there was no justification for excluding public access to a report relied upon by the trial court in reaching its decision).

■ There is no per se privilege exempting trade secrets from discovery, but "courts must exercise discretion to avoid unnecessary disclosure of [trade secret] information." *AutoMed Technologies, Inc. v. Eller,* 160 F.Supp.2d 915, 926 (N.D.Ill.2001), *quoting Triangle Ink and Color Co. v. Sherwin–Williams Co.,* 61 F.R.D. 634, 636 (N.D.Ill. 1974).

The Federal Rules of Civil Procedure address the issue of protective orders and trade secrets. Rule 26(c) states, in relevant part:

(c) Protective Orders. Upon motion by a party or by the person from whom discovery is sought, accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action, and for good cause shown, the court in which the action is pending or alternatively, on matters relating to a deposition, the court in the district where the deposition is to be take may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:

\* \* \* \*

(7) that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a designated way.

■ Therefore, in order to satisfy Rule 26(c)(7), the movant must show that: (1) the interest for which protection is sought is an actual trade secret or other confidential business information protected under the rule; and (2) there is good cause for the entry of a protective order. *Andrew Corporation v. Rossi,* 180 F.R.D. 338, 340 (N.D.Ill.1998), *citing Culinary Foods, Inc. v. Raychem Corp.,* 151 F.R.D. 297, 300 (N.D.Ill.1993).

The rule facilitates disclosure. "If [parties] suspect that their trade secrets may fall into the wrong hands, parties may be uncooperative with respect to discovery requests. Assuring the safety of these sensitive disclosures often has the effect of encouraging the apprehensive litigants to fully cooperate with the discovery process." *Rossi,* 180 F.R.D. at 340, *citing In re Krynicki,* 983 F.2d 74, 75 (7th Cir.1992).

The Seventh Circuit addressed the issue of protective orders in cases involving potential trade secrets in *Citizens First National Bank,* 178 F.3d at 944, noting it would be permissible for parties to keep trade secrets out of the public record provided that the judge: (1) satisfies himself that the parties know what a trade secret is and are acting in

good faith in deciding which parts of the record are trade secrets; and (2) makes explicit that either party and any interested member of the public can challenge the secreting of particular documents. *Id.* at 946. *Accord Union Oil Co. of California v. Leavell,* 220 F.3d 562, 568 (7th Cir.2000); *In re Bridgestone/Firestone, Inc.,* 198 F.R.D. 654 (S.D.Ind.2001).

The only issues before the Court are whether State Farm's claims handling materials constitute protectable trade secrets, and whether they are subject to a protective order.

### 1. Trade Secrets

State Farm seeks a protective order to shield documents from third parties relating to its claims handling policies, practices, and procedures, including: (1) a copy of all claim manuals and handbooks concerning standard or recommended procedures in handling or payment of claims; (2) a copy of each memorandum, written statement of policy, policy guidelines, administrative bulletin, or other writings disseminated to employees involved in claims administration on any subject related to the procedures of the administration, evaluation, determination, or payment of medical claims; (3) a copy of all training manuals in the training of adjusters, claims representatives, claims adjudicators, claims examiners, claims supervisors, or claims managers; and (4) copies of all 1099s from 1995 to the present given to any medical review company, doctor, and medical personnel that reviewed any of Hamilton's medical records and/or bills. (Pl.'s Request for Production, Nos. 5–7, 19).

■ To determine whether State Farm's claims handling policies, practices, and procedures constitute a protectable trade secret entitled to protection under Rule 26(c)(7), the Court looks to the Indiana Uniform Trade Secret Act (IUTSA) for guidance. The IUTSA defines a "trade secret" as:

information, including a formula, pattern, compilation, program, device, method, technique, or process that:

(1) derives independent economic value, actual or potential, from not being gen-

erally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use; and

(2) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

*Burk v. Heritage Food Service Equipment, Inc.,* 737 N.E.2d 803, 813 (Ind.Ct.App.2000), *citing* I.C. § 24–2–3–2. Thus, in Indiana, a protectable trade secret has four characteristics: (1) information; (2) which derives independent economic value; (3) is not generally known or readily ascertainable by proper means by other persons who can obtain economic value from its disclosure or use; and (4) is the subject of efforts reasonable under the circumstances to maintain its secrecy. *Zemco Mfg., Inc. v. Navistar Intern. Transp. Corp.,* 759 N.E.2d 239, 245–46 (Ind.Ct.App. 2001), *citing Burk v. Heritage Food Serv. Equip., Inc.,* 737 N.E.2d 803, 813 (Ind.Ct. App.2000). The burden of proof is on the party asserting the trade secret to show that it is included in the categories of protectable trade secret information listed in the trade secrets statute. *Amoco Prod. Co. v. Laird,* 622 N.E.2d 912, 920 (Ind.1993). *See, e.g., Doe v. Marsalis,* 202 F.R.D. 233, 237 (N.D.Ill.2001), *citing In re "Agent Orange" Prod. Liab. Litig.,* 821 F.2d 139, 145 (2d Cir.1987) (holding that the burden to show good cause for a protective order is upon the party seeking the order).

■ Here, State Farm presents sufficient evidence that its claims handling materials constitute trade secrets. State Farm demonstrates that: (1) the claims handling procedures and materials were developed with considerable time, effort, and expense, thus possess economic value; (2) the materials were developed, created, and maintained for business use and considered confidential and proprietary; (3) the documents contain claims handling philosophies and strategies unique to State Farm; (4) access of the materials by a competitor would result in economic value to the competitor and place it in a competitive advantage; and (5) the materials are in locking file cabinets and/or in areas not open to the public. (Affidavit of Gregory L. Poling ¶¶ 2–4, 7).

■ Without citation to testimony, Hamilton claims that "[t]he documents sought by the plaintiff in this case are familiar to attorneys that specialize in claims practices litigation." (Pl.'s Resp. to Def.'s Reply Br., p. 5). The fact that State Farm's policy manuals have been circulated throughout the legal community pursuant to discovery requests does not constitute a waiver by State Farm to its confidentiality. From the cases cited by Hamilton, the record reflects that State Farm routinely seeks protective orders to maintain the confidentiality of its proprietary company documents. *See, e.g., Flotec, Inc. v. Southern Research, Inc.,* 16 F.Supp.2d 992, 1000 (S.D.Ind.1998) (Hamilton, J.) (the owner of the alleged trade secret must take reasonable, though not overly extravagant, measures to protect its secrecy); *Webster Eng'g & Mfg. Co., Inc. v. Francis,* 1993 WL 406025, *4 (D.Kan.1993) (what is "reasonable" under the facts of one case may be considered inadequate under the facts of another). Accordingly, the Court finds that the materials State Farm seeks to protect constitute trade secrets.

### 2. Good cause

■ Next, State Farm must demonstrate that good cause exists for the entry of a protective order. Determining whether good cause exists "requires a balancing of the potential harm to litigants' interests against the public's right to obtain information concerning judicial proceedings." *Makar–Wellbon v. Sony Electronics, Inc.,* 187 F.R.D. 576, 577 (E.D.Wis.1999). *See also Wiggins v. Burge,* 173 F.R.D. 226, 228 (N.D.Ill.1997) (court must balance "the harm to the party seeking the protective order and the importance of disclosure to the public."). The moving party must show "that disclosure will work a clearly defined and serious injury." *Pansy v. Borough of Stroudsburg,* 23 F.3d 772, 786 (3rd Cir.1994). *See, e.g., Anderson v. Cryovac, Inc.,* 805 F.2d 1, 7 (1st Cir.1986) (good cause must be based on specific factual determinations or potential harm, not on conclusory statements).

■ State Farm makes a sufficient showing of good cause for the Court to enter a protective order by demonstrating a clear danger if its trade secrets are discovered by its competitors. The discovery of State Farm's policy manuals by a competitor would permit them to appropriate State Farm's trade secrets by duplicating or reconstructing its claims handling procedures. This information is of particular value to small insurance companies, which lack the resources to adopt their own procedures.

The Court finds two cases instructive on this issue. First, in *Adams v. Allstate Insurance Co.,* 189 F.R.D. 331 (E.D.Pa.1999), plaintiff sought discovery of claims manuals and training materials. Although the court ordered that these documents be produced, it held that "Allstate's claims manuals and company policies may include confidential information," and ordered plaintiff to keep the information confidential. *Id.* at 333. Second, in *Jones v. Nationwide Insurance Co.,* 2000 WL 1231402 (M.D.Pa.2000), plaintiff similarly sought the insurance company's claims manuals. Relying on *Adams,* the court ordered the documents produced but directed that "all such documentation, including all company policies and all claims manuals, are to be kept confidential, for the eyes of plaintiff's counsel only." *Adams,* at 333–34.

The Court holds the documents in question fall within the meaning of Rule 26(c)(7), and that the potential dangers State Farm faces if a competitor gains access to its trade secrets and confidential information outweigh any legitimate interest one may possess in obtaining these documents. As a result, the Court finds that State Farm set forth good cause for the entry of a protective order.

### III. Conclusion

■ Despite Hamilton's assertion, State Farm does not seek to utilize a protective order as a sword but rather to secure its proprietary information. Nevertheless, the Court DENIES State Farm's motion for entry of its proposed protective order because the proposed order would give State Farm carte blanche to designate documents or other information as either confidential or trade secrets. However, the Court finds that State Farm establishes good cause for the entry of a modified protective order to secure its

trade secrets and other confidential information. For the reasons set forth above, the Court ORDERS that the conduct of discovery shall be governed by the following parameters:

1. Access to the information and documentation which the Court deems in this Entry as trade secrets shall be limited to the parties and counsel of record unless ordered by the Court;

2. Information in this Entry deemed trade secrets shall be used only for the purposes of prosecuting the claims in this action and for no other purpose;

3. In the event the parties wish to file documents under seal deemed in this Entry as trade secrets, the party shall file the guidelines set forth in the United States District Court, Southern District of Indiana's publication on "Sealed Document Procedures," a copy of which can be obtained in the Clerk's office;

4. Documents filed under seal shall not be made public or unsealed unless done so by order of the Court;

5. Within thirty days after the completion of this litigation (including any appeals), all documents exchanged between the parties in discovery which the Court has deemed trade secrets shall be destroyed or returned to counsel of record;

6. If State Farm, in good faith, believes that trade secrets will be presented in a pretrial proceeding or at trial, and that such presentation is likely to result in irreparable harm, the Court will entertain a motion filed by State Farm to place such pretrial proceeding under seal; and

7. In the event of accidental or unintentional disclosure to third parties of State Farm's trade secret information, counsel for Hamilton shall immediately notify counsel for State Farm and make every effort to prevent further unauthorized disclosure.

*So ordered.*