**CITIZENS FIRST NATIONAL BANK OF PRINCETON, Plaintiff–Appellee, Cross–Appellant,**

v.

**CINCINNATI INSURANCE COMPANY, Defendant–Appellant, Cross–Appellee.**

Nos. 98–3534, 98–3535 and 98–3957.

United States Court of Appeals, Seventh Circuit.

Submitted Feb. 23, 1999.

Decided May 28, 1999.

Barry S. Alberts (submitted on briefs), Schiff, Hardin & Waite, Chicago, IL, for Plaintiff–Appellee.

Victor C. Peters, Hanson & Peters, Chicago, IL, for Defendant–Appellant.

Before POSNER, Chief Judge, and BAUER and EASTERBROOK, Circuit Judges.

POSNER, Chief Judge.

■ In the course of the litigation from which these appeals arise, the district judge, in accordance with a stipulation by the parties, issued an order authorizing either party to designate as confidential, and thus keep out of the public record of the litigation, any document "believed to contain trade secrets or other confidential or governmental information, including information held in a fiduciary capacity." One of the parties has now asked us to permit it to file an appendix under seal. In support of this motion it submits the protective order just described that the district judge issued. That order was issued in March of 1997, however, two years ago, and we do not know enough about the case to be able to assess the order's current validity without the advice of the district judge, to whom, therefore, we remand the case for the limited purpose of enabling him to advise us whether in his view good cause exists for our allowing the appendix to be filed under seal. *Caterpillar, Inc. v. NLRB*, 138 F.3d 1105 (7th Cir.1998) (chambers opinion), and cases cited there. See also *Grove Fresh Distributors, Inc. v. Everfresh Juice Co.*, 24 F.3d 893, 898–99 (7th Cir.1994).

■ There is a deeper issue of confidentiality in this case than the currency of the protective order, and we must address it in order to make clear the judge's duty on remand. That issue is the judge's failure to make a determination, as the law requires, Fed.R.Civ.P. 26(c); *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 37, 104 S.Ct. 2199, 81 L.Ed.2d 17 (1984); *Jepson, Inc. v. Makita Electric Works, Ltd.*, 30 F.3d 854, 858 (7th Cir.1994); *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 785–87 (3d Cir. 1994), of good cause to seal any part of the record of a case. Instead of doing that he granted a virtual carte blanche to either party to seal whatever portions of the record the party wanted to seal. This delegation was improper. The parties to a lawsuit are not the only people who have a legitimate interest in the record compiled in a legal proceeding.

■ It is true that pretrial discovery, unlike the trial itself, is usually conducted in private. *Seattle Times Co. v. Rhine-*

*hart, supra*, 467 U.S. at 33, 104 S.Ct. 2199. But in the first place the protective order that was entered in this case is not limited to the pretrial stage of the litigation, and in the second place the public at large pays for the courts and therefore has an interest in what goes on at all stages of a judicial proceeding. *Grove Fresh Distributors, Inc. v. Everfresh Juice Co., supra*, 24 F.3d at 897; *Littlejohn v. BIC Corp.*, 851 F.2d 673, 677–78 (3d Cir.1988); *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 593, 100 S.Ct. 2814, 65 L.Ed.2d 973 (1980) (concurring opinion); cf. *Pepsico, Inc. v. Redmond*, 46 F.3d 29 (7th Cir. 1995) (chambers opinion). That interest does not always trump the property and privacy interests of the litigants, but it can be overridden only if the latter interests predominate in the particular case, that is, only if there is good cause for sealing a part or the whole of the record in that case. *American Tel. & Tel. Co. v. Grady*, 594 F.2d 594, 596 (7th Cir.1978) (per curiam); *Public Citizen v. Liggett Group, Inc.*, 858 F.2d 775, 787–91 (1st Cir.1988); *In re "Agent Orange" Product Liability Litigation*, 821 F.2d 139, 144–46 (2d Cir. 1987). The determination of good cause cannot be elided by allowing the parties to seal whatever they want, for then the interest in publicity will go unprotected unless the media are interested in the case and move to unseal. The judge is the primary representative of the public interest in the judicial process and is duty-bound therefore to review any request to seal the record (or part of it). See Arthur R. Miller, "Confidentiality, Protective Orders, and Public Access to the Courts," 105 *Harv. L.Rev.* 427, 492 (1991). He may not rubber stamp a stipulation to seal the record. *In re Krynicki*, 983 F.2d 74 (7th Cir.1992) (chambers opinion).

■ The order that the district judge issued in this case is not quite so broad as "seal whatever you want," but it is far too broad to demarcate a set of documents clearly entitled without further inquiry to confidential status. The order is not limited to trade secrets, or even to documents "believed to contain trade secrets," which anyway is too broad both because "believed" is a fudge and because a document that contains trade secrets may also contain material that is not a trade secret, in which case all that would be required to protect a party's interest in trade secrecy would be redaction of portions of the document. Also much too broad is "other confidential ... information," not further specified, and all "governmental information," a category absurdly overbroad. The order is so loose that it amounts, as we suggested at the outset, to giving each party carte blanche to decide what portions of the record shall be kept secret. Such an order is invalid. E.g., *Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219, 227 (6th Cir.1996); *Pepsico, Inc. v. Redmond, supra*, 46 F.3d at 31; *City of Hartford v. Chase*, 942 F.2d 130, 135–36 (2d Cir.1991). The order in this case is invalid for the additional reason that it is not limited to pretrial discovery; it seals the documents covered by it even after they are introduced at trial. *Seattle Times Co. v. Rhinehart, supra*, 467 U.S. at 36–37, 104 S.Ct. 2199; *Poliquin v. Garden Way, Inc.*, 989 F.2d 527, 533 (1st Cir.1993); *Littlejohn v. BIC Corp., supra*, 851 F.2d at 677–78, 680–81.

We are mindful of the school of thought that blanket protective orders ("umbrella orders"), entered by stipulation of the parties without judicial review and allowing each litigant to seal *all* documents that it produces in pretrial discovery, are unproblematic aids to the expeditious processing of complex commercial litigation because there is no tradition of public access to discovery materials. E.g., *In re Alexander Grant & Co. Litigation*, 820 F.2d 352, 355–57 (11th Cir.1987) (per curiam); *Anderson v. Cryovac, Inc.*, 805 F.2d 1, 13 (1st Cir.1986); *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1118–23 (3d Cir.1986); *Manual for Complex Litigation* § 21.432 (3d ed.1995); Richard L. Marcus, "The Discovery Confidentiality Controversy," 1991 *U. Ill. L.Rev.* 457; Marcus, "Myth

and Reality in Protective Order Litigation," 69 *Cornell L.Rev.* 1 (1983). The weight of authority, however, is to the contrary. Most cases endorse a presumption of public access to discovery materials, e.g., *Grove Fresh Distributors, Inc. v. Everfresh Juice Co., supra,* 24 F.3d at 897; *Beckman Industries, Inc. v. International Ins. Co.,* 966 F.2d 470, 475–76 (9th Cir. 1992); *Public Citizen v. Liggett Group, Inc., supra,* 858 F.2d at 788–90; *Meyer Goldberg, Inc. v. Fisher Foods, Inc.,* 823 F.2d 159, 162–64 (6th Cir.1987); *In re "Agent Orange" Product Liability Litigation, supra,* 821 F.2d at 145–46, and therefore require the district court to make a determination of good cause before he may enter the order. E.g., *EEOC v. National Children's Center, Inc.,* 98 F.3d 1406, 1411 (D.C.Cir.1996); *Glenmede Trust Co. v. Thompson,* 56 F.3d 476, 484–85 (3d Cir. 1995); *Leucadia, Inc. v. Applied Extrusion Technologies, Inc.,* 998 F.2d 157, 165–67 (3d Cir.1993); *In re Remington Arms Co.,* 952 F.2d 1029, 1032 (8th Cir.1991); *City of Hartford v. Chase, supra,* 942 F.2d at 135–37; *Farnsworth v. Procter & Gamble Co.,* 758 F.2d 1545, 1547 (11th Cir. 1985). Rule 26(c) would appear to require no less. And we note that both the First and Third Circuits, which used to endorse broad umbrella orders (e.g., *Cryovac, Cipollone*), have moved away from that position (*Public Citizen, Glenmede, Pansy, Leucadia*).

We do not suggest that all determinations of good cause must be made on a document-by-document basis. In a case with thousands of documents, such a requirement might impose an excessive burden on the district judge or magistrate judge. There is no objection to an order that allows the parties to keep their trade secrets (or some other properly demarcated category of legitimately confidential information) out of the public record, provided the judge (1) satisfies himself that the parties know what a trade secret is and are acting in good faith in deciding which parts of the record are trade secrets and (2) makes explicit that either party and any interested member of the public can challenge the secreting of particular documents. Such an order would be a far cry from the standardless, stipulated, permanent, frozen, overbroad blanket order that we have here.

Thus it will not be enough for the district judge on remand to point to the protective order as authority for allowing a portion of the appellate record to be filed under seal in this court. He must determine what parts of the appendix contain material that ought, upon a neutral balancing of the relevant interests, be kept out of the public record.