David M. BRYAN, Plaintiff,

v.

Helene EICHENWALD,
et al., Defendants.

No. CIV.A. 99–2543–CM.

United States District Court,
D. Kansas.

March 30, 2000.

Michael D. Hufft, Hufft & Maginn, LLC, Kansas City, MO, for plaintiff.

N. Jack Brown, Kenneth E. Holm, Christopher J. Eaton, Boddington & Brown, Chtd., Kansas City, KS, for Helene Eichenwald, defendant.

James D. Griffin, Michael Kuckelman, Jennifer Lea Osborn, Blackwell Sanders Peper Martin LLP, Overland Park, KS, for Nordstrom, Inc., defendant.

### MEMORANDUM AND ORDER

RUSHFELT, United States Magistrate Judge.

Before the court is Plaintiff's Unopposed Motion for Protective Order (doc. 21). Pursuant to Fed.R.Civ.P. 26(c), plaintiff seeks an order to allow the parties to file under seal all briefing on two discovery motions he intends to file. Defendants have agreed to the requested protective order.

Plaintiff represented defendant Helene Eichenwald as her attorney through March 4, 1998. (Compl., doc. 1, ¶ 7.) He alleges that defendant Eichenwald, in the summer of 1999, began to state that he was stalking her, was dangerous, and was likely to harm her. (*Id.* ¶¶ 17, 20, 24.) Eichenwald has asserted an attorney-client privilege to prevent plaintiff from disclosing certain documents to co-defendant Nordstrom, Inc. (Nordstrom) under Fed.R.Civ.P. 26(a). Plaintiff disputes the privilege and proposes to file a motion to allow the disclosure.

Co-defendant Nordstrom employs Eichenwald. (*Id.* ¶ 4.) It maintains a file regarding her employment. Eichenwald has also asserted an attorney-client privilege for that file. Nordstrom has therefore refused to produce it. Plaintiff intends to move to compel its disclosure.

Whether to enter a protective order is within the sound discretion of the court. *Thomas v. IBM*, 48 F.3d 478, 482 (10th Cir.1995). Fed.R.Civ.P. 26(c) provides that the court, upon a showing of good cause, "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." The party seeking a protective

order has the burden to show good cause for it. *Sentry Ins. v. Shivers,* 164 F.R.D. 255, 256 (D.Kan.1996). To establish good cause, that party must submit "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Gulf Oil Co. v. Bernard,* 452 U.S. 89, 102 n. 16, 101 S.Ct. 2193, 68 L.Ed.2d 693 (1981).

■ Notwithstanding the agreement of the parties, plaintiff has shown no good cause for the requested protective order. He has not shown that justice requires the requested order to protect any party or person from annoyance, embarrassment, oppression, or undue burden or expense. In the absence of such showing, the court does not find good cause for filing documents under seal.

■ That the parties all agree to the requested protective order does not dispense with the requirement to show good cause. The "law requires" the court to make a determination of good cause, before entering a protective order that seals "any part of the record of a case." *Citizens First Nat'l Bank v. Cincinnati Ins. Co.,* 178 F.3d 943, 944 (7th Cir.1999) (citations omitted). Although a litigant may have a property or privacy interest that requires protection from unnecessary dissemination or disclosure, the public has an interest in everything that occurs in the case, whether at trial or during the discovery stage of litigation. To protect the interest of the public, parties seeking to seal documents relating to discovery must demonstrate good cause for such action. Good cause to override the public's interest in the case by sealing a part or the whole of the record of the case generally does not exist unless a property or privacy interest of a litigant predominates the case. *Id.* at 945. "The judge is the primary representative of the public interest in the judicial process and is duty-bound therefore to review any request to seal the record (or part of it). He may not rubber stamp a stipulation to seal the record." *Id.* (citations omitted). The determination of good cause cannot be left to mere agreement of the parties.

In a non-discovery context, furthermore, this court has addressed the propriety of sealing the record in a case. *See Ramirez v. Bravo's Holding Co.,* No. Civ.A. 94–2396–GTV, 1996 WL 507238, at *1 (D.Kan. Aug.22, 1996) (addressing the matter nine to ten months after dismissing the action on stipulation of the parties). *Ramirez* states in pertinent part:

> Federal courts recognize a common-law right of access to judicial records, although that right is not absolute. Whether to allow access at the district court level is left to the discretion of the district court, which has supervisory control over its own records and files. In exercising that discretion, the district court must consider the relevant facts and circumstances of the case and balance the public's right of access, which is presumed paramount, with the parties' interests in sealing the record. The public has an interest "in understanding disputes that are presented to a public forum for resolution" and "in assuring that the courts are fairly run and judges are honest." Courts have denied access in cases in which the court files have been sought for improper purposes such as promoting public scandal or harming a business litigant's competitive standing.

*Id.* (citing *Nixon v. Warner Communications, Inc.,* 435 U.S. 589, 597–99, 98 S.Ct. 1306, 55 L.Ed.2d 570 (1978) among other cases). Unless a party establishes a "public or private harm sufficient to overcome the public's right of access to judicial records," the court declines to seal any part of the record in the case. *Id.* "The fact that all litigants favor sealing the record is of interest, but not determinative." *Id.*

Although cognizant of the inapplicability of Fed.R.Civ.P. 26(c) in non-discovery contexts and recognizing the differing contexts of *Ramirez* and *Citizens First Nat'l Bank,* the court, nevertheless, views the standards for permitting documents to be filed under seal to be the same regardless of the stage of litigation the issue arises. At the discovery stage, the court may speak in terms of "good cause." At other stages, the court may simply refer to its discretion to supervise its own records and files. At whatever stage of the litigation, however, the movant must demonstrate a public or private harm sufficient to

overcome the public's right of access to judicial records.

In this instance, plaintiff alleges no specific public or private harm. The court could perhaps speculate about a private harm. It declines to do so. A speculative possibility does not justify limiting public access to judicial records.

For the foregoing reasons, the court overrules Plaintiff's Unopposed *Motion for Protective Order* (doc. 21).

IT IS SO ORDERED.