In re BRIDGESTONE/FIRESTONE, INC., ATX, ATX II and Wilderness Tires Products Liability Litigation, MDL–1373, IP00–5000–IP00–5061, IP00–5062 and IP00–5063, Lead Counsel–Class Cases, Lead Counsel–Personal Injury/Death Cases, Lead Co–Counsel–Personal Injury/Death Cases, Liaison Counsel–Personal Injury/Death Cases, Liaison Counsel–Class Cases, Plaintiffs,

v.

BRIDGESTONE/FIRESTONE INC., Ford Motor Company, Bloomberg LLP % Motion to Intervene Filed–Not Granted at this Time (12–12–00), Bridgestone Corporation, Sears Roebuck & Co., Duncans Auto Sales Inc., Ford Midway Mall, Inc., and Sunrise Ford Inc., State Farm Mutual Automobile Ins., Defendants.

No. IP00–9373–C–B/S.

United States District Court, S.D. Indiana, Indianapolis Division.

Jan. 26, 2001.

Don Barrett, Barrett Law Office, PA, Lexington, MS, for Lead Counsel–Class Cases.

Victor Manuel Diaz, Jr., Podhurst Orseck Josefsberg Eaton, Miami, FL, for Lead Counsel–Personal Injury/Death Cases.

Mike Eidson, Colson Hicks Eidson, Coral Gables, FL, for Lead Co–Counsel–Personal Injury/Death Cases.

William E. Winingham, Wilson Kehoe & Winingham, Indianapolis, IN, for Liaison Counsel–Personal Injury/Death Cases.

Irwin B. Levin, Cohen & Malad, Indianapolis, IN, for Liaison Counsel–Class Cases.

Mark Merkle, Krieg Devault Alexander & Capehart, Indianapolis, IN, Mark Herrmann, Jones Day Reavis & Pogue, Cleveland, OH, Colin P. Smith, Holland & Knight LLP, Chicago, IL, for Bridgestone/Firestone, Inc.

John H. Beisner, O'Melveny & Myers LLP, Washington, DC, Randall Riggs, Locke Reynolds LLP, Indianapolis, IN, for Ford Motor Co.

Daniel P. Byron, McHale Cook & Welch PC, Indianapolis, IN, for Bloomberg, Dow Jones & Co., Inc., Reuters America, Inc., Gannett Satellite Information.

Thomas S. Kilbane, Squire Sanders & Dempsey LLP, Cleveland, OH, Thomas G. Stayton, Baker & Daniels, Indianapolis, IN, for Bridgestone Corp.

Louis A. Lehr Jr., Arnstein & Lehr, Chicago, IL, for Sears Roebuck & Co.

Glen R. Goldsmith, Glen R. Goldsmith & Associates PA, Miami, FL, for Duncans Auto Sales.

Michael P. Rudd, Hightower and Rudd PA, Miami, FL, for State Farm Mutual Automobile Ins.

## ORDER GRANTING MOTION TO INTERVENE AND DENYING MOTION TO UNSEAL DOCUMENTS

BARKER, District Judge.

Pursuant to 28 U.S.C. § 1407, this Court has jurisdiction over more than 200 cases transferred to the Southern District of Indiana for coordinated or consolidated pretrial proceedings in *In re Bridgestone/Firestone, Inc. ATX, ATX II and Wilderness Tires Products Liability Litigation,* MDL No. 1373 ("*In re Bridgestone/Firestone*"). Plaintiffs in these cases claim damages related to alleged defects in certain tires manufactured by Bridgestone/Firestone, Inc. ("Firestone"), many of which were installed on vehicles produced by Ford Motor Company ("Ford"). Public interest in the proceedings has been significant. The tires have been linked to the deaths of 148 Americans, and 6.5 million tires were recalled on August 9, 2000. In September, Firestone and Ford officials were called before Congress to testify about the tires. News stories on the subject are an almost-daily occurrence. *See, e.g.,* Jeff Plungis, *Bridgestone's Boss Resigns,* Detroit News, Jan. 12, 2001, at Business 1; Michael Winerip, *Ford and Firestone Settle Suit Over Explorer Crash,* N.Y. Times, January 9, 2001, at C1; *Ford, Firestone Will Release Documents on Accidents,* St. Louis Post–Dispatch, January 9, 2001, at A1.

Citing the newsworthiness of this issue and alleging that they have been denied access to many of the documents in this case, Bloomberg L.P. ("Bloomberg") and Dow Jones & Company, Inc. ("Dow Jones") each filed a Motion to Intervene and Unseal Documents on December 5, 2000. Reuters America, Inc. ("Reuters") and Gannett Satellite Information Network ("Gannett")[1] filed like motions on December 19, 2000. In addition, Bloomberg filed a Request for Oral Argument. Plaintiffs, Defendants and proposed Intervenors have fully briefed the motions. For the reasons explained below, the Press's Motion to Intervene is *GRANTED* for the limited purposes set forth below, and their Motion to Unseal Documents is *DENIED.* This Order establishes certain boundaries for the Press's future intervention in this Multi District Litigation ("MDL").[2]

### *Analysis*

#### *Permissive Intervention*

Intervenors' motions were filed pursuant to Rule 24 of the Federal Rules of Civil Procedure, which provides for permissive intervention "[u]pon timely application ... when an applicant's claim or defense and the main action have a question of law or fact in common." Fed.R.Civ.P. 24(b)(2). While a district court normally has broad discretion to grant or deny a motion to intervene, *Sokaogon Chippewa Community v. Babbitt,* 214 F.3d 941, 949 (7th Cir.2000), recent rulings of the Seventh Circuit circumscribe our discretion in the situation before the Court. The Press seeks to intervene because Defendant Firestone is denying reporters access to Firestone's warehouse of discovery materials, commonly referred to as the "reading room." Memorandum of Law of Bloomberg L.P. in Support of Motion to Intervene and Unseal Documents ("Press Memo.")[3] at 3–4 (citing Affidavit of Lawrence Viele ("Viele Aff."), ¶¶ 5–6). The Press also moved to intervene to represent its interests before the Court whenever a party seeks a protective order. Proposed Order Granting Motion of Dow Jones & Company, Inc. ("Proposed Order")[4], ¶ 3.

---

1. The remainder of this entry shall refer to Bloomberg, Dow Jones, Reuters and Gannett, collectively, as "the Press" or as "Intervenors."

2. In addition Bloomberg's Request for Oral Argument is *DENIED.* This Court rarely holds oral arguments on motions that have been fully-briefed. *See, e.g., Hemmer v. Indiana State Bd. of Animal Health,* 2000 WL 1827234, at *2 (S.D.Ind. Nov. 14, 2000). The thorough and exemplary briefing by the parties and proposed Intervenors on this motion gives us no reason to stray from our usual practice.

3. Dow Jones, Reuters, and Gannett incorporated by reference the Memorandum of Law of Bloomberg L.P. in Support of Motion to Intervene and Unseal Documents ("Press Memo.") and Bloomberg L.P.'s Reply Brief in Support of Motion to Intervene and Unseal Documents ("Press Reply").

4. The litigants seeking to intervene filed identical proposed orders.

■ When a litigant seeks to intervene to preserve the right of access to court materials, as the Press does here, Seventh Circuit precedent directs the district court to permit intervention. *See generally Jessup v. Luther*, 227 F.3d 993, 997 (7th Cir.2000). As an example, in *Jessup*, 227 F.3d at 994, the district court had entered an order sealing a settlement agreement reached between the primary litigants. In overturning the district court's decision to deny a newspaper's motion to intervene for the limited purpose of challenging the closure order, the Seventh Circuit stated that "Rule 24 is sufficiently broad-gauged to support a request for intervention for the purposes of challenging confidentiality orders." *Id.* at 997. Similarly, in *In re Associated Press*, 162 F.3d 503 (7th Cir. 1998), the Seventh Circuit overturned a lower court's decision denying various press organizations' motions to intervene for the limited purpose of presenting arguments against the sealing of taped testimony and documents in a criminal proceeding. The *Associated Press* Court opined that "the most appropriate procedural mechanism by which to accomplish [the] task [of] oppos[ing] the suppression of ... material [is] to intervene for that limited purpose." *Id.* at 507. Although the Press in this case is not solely or even primarily seeking to challenge a sealing order, the rulings in *Jessup* and *Associated Press* are broad enough to merit intervention here. Indeed, after commenting on the important functions served by "the public's right of access to court proceedings and documents," the Seventh Circuit stated that "our case law has recognized that those who seek access to such material have a right to be heard in a manner that gives full protection of the asserted right." *Id.* at 506–507. The Court finds that permitting the Press to intervene for the limited purpose of protecting public access to court records will afford fair and full protection to the claims of right of access

to the materials they seek and, therefore, grants the Press's Motion to Intervene.

*Limited Purposes of Intervention*

Our order allowing the Press to intervene is limited to those proceedings before the Court which will be suitable occasions for intervention by the Press. Rule 26(c) of the Federal Rules of Civil Procedure permits a court "[u]pon motion by a party or by the person from whom discovery is sought, ... and for good cause shown ... [to] make any order which justice requires to protect a party from annoyance, embarrassment, oppression, or undue burden or expense...." Fed.R.Civ.P. 26(c). Typical orders issued pursuant to Rule 26(c) include protective orders and permission to file materials under seal. We expect that the parties here will apply to the Court for such orders during the course of this litigation.[5]

■ When ruling on such motions, the Court has a duty to make certain determinations. For example, to permit parties to file materials under seal, the district court must find that there is good cause for sealing the materials at issue. *Associated Press*, 162 F.3d at 509–10 (remanding case so that district court could articulate its justification for continued sealing of certain documents). The good cause determination requires. at least "a description of the documents and the reasons for their sealing." *Id.* at 510. Likewise, *Citizens First National Bank of Princeton v. Cincinnati Insurance Co.*, 178 F.3d 943, 946 (7th Cir.1999), requires the Court, before entering a protective order pursuant to Rule 26(c)(7)[6], to "(1) satisf[y] [itself] that the parties know what a trade secret is and are acting in good faith in deciding which parts of the record are trade secrets and (2)[to] mak[e] explicit that either party and any interested member of the pub-

---

**5.** The Proposed Case Management Order filed by the parties on December 22, 2000, pledges that the parties will expeditiously either jointly file a proposed order regarding the confidentiality of documents or, if they cannot agree, file separate motions and proposed orders concerning this issue. Proposed Case Management Order at 22.

**6.** Rule 26(c)(7) provides protection to "trade secret or other confidential research, development,

or commercial information." Fed.R.Civ.P. 36(c)(7). The Court anticipates that Defendants will seek protection for materials under this subsection because they have raised this argument in a case based on similar facts that was settled prior to MDL consolidation. *Van Etten v. Bridgestone/Firestone, Inc.*, 117 F.Supp.2d 1375, 1381 (S.D.Ga.2000).

lic' can challenge the secreting of particular documents."

Intervenors potentially have an important role to fill when courts make these determinations because motions for protective orders or permission to file materials under seal are often unopposed by the primary parties. When the parties agree to these orders, the Court nevertheless retains the responsibility of making a good cause determination. *Jepson, Inc. v. Makita Elec. Works, Ltd.*, 30 F.3d 854, 858 (7th Cir.1994). In fact, in this situation, we have an especially weighty responsibility as "the judge is the primary representative of the public interest" in reviewing the motions. *Citizens First National Bank*, 178 F.3d at 945 (citations omitted). The Court also is faced with an essentially nonadversarial decision-making process, a role to which we are not accustomed. *Jepson*, 30 F.3d at 858 (quoting Arthur Miller, *Confidentiality, Protective Orders and Public Access to the Courts*, 105 Harv.L.Rev. 427, 492 n. 322 (1991)). Intervenors have the opportunity to fill this gap in advocacy. In both *Jessup* and *Associated Press*, the Press was permitted to intervene precisely for the purpose of protecting the public interest in open court proceedings. In fact, the Seventh Circuit has even expressed regret over the absence of interest by the Press when both parties prefer sealing, stating "[t]he determination of good cause cannot be elided by allowing the parties to seal whatever they want, for the interest in publicity will go unprotected unless the media are interested in the case and move to unseal." *Citizens First National Bank*, 178 F.3d at 945.

*"Unsealing" the Reading Room*

While the Court finds that Intervenors can and should be permitted an advocacy role during consideration of motions for protective orders and motions for permission to file materials under seal, the Court finds that the crux of the Press's motion is based on an exaggerated reading of Seventh Circuit precedent. Intervenors contend that "[t]he parties are operating under an invalid 'de facto sealing agreement.' " Press Memo. at 3. A "de facto sealing agreement," according to Intervenors, exists because reporters are denied access to the reading room and because any litigant seeking access to the reading room is required to sign a confidentiality

agreement. *Id.* at 3–4 (citing Viele Aff.), ¶¶ 5–6. To remedy this situation, Intervenors ask "[t]hat the [sic] all discovery-related material in [*In re Bridgestone/Firestone* ], including … all documents produced by any entity in response to discovery requests, transcripts of depositions, answers to interrogatories or requests for admissions, expert reports or other material requested or produced by any entity, shall be immediately made available for public inspection and copying." Proposed Order, ¶ 2.

Intervenors' argument then leaps from one out-of-context judicial statement to another. They argue that restricting access to the reading room violates a "presumption in favor of public access to judicial proceedings." Press Memo. at 5 (quoting *United States v. Ladd*, 218 F.3d 701, 705 (7th Cir.2000)). According to Intervenors, this presumption extends to discovery materials, and the Court should open up the reading room to protect public access to the fruits of discovery. *Id.* at 5–6.

■ Certainly, in *Citizens First National Bank*, 178 F.3d at 946, the Seventh Circuit summarized that "[m]ost cases endorse a presumption of access to discovery materials." *See also Bryan v. Eichenwald*, 191 F.R.D. 650 (D.Kan.2000) (emphasizing that presumption of access applies to discovery materials). However, it does not follow, contrary to Intervenors' argument, that courts can therefore order parties to make available all discovery items exchanged amongst themselves. Much discovery material does not become part of the public record because it is never filed in court. In both *Citizens First National Bank* and *Bryan*, the courts discussed access to discovery materials in the context of items that *had been filed with the court*. Access to discovery materials when those materials have been presented to the court is one issue and quite another issue when the parties are exchanging the materials amongst themselves. "Absent a protective order, parties to a law suit may disseminate materials obtained during discovery as they see fit." *Jepson*, 30 F.3d at 858 (citations omitted). In other words, if they do not see fit to disseminate discovery information, the parties need not do so. *Oklahoma*

*Hosp. Ass'n v. Oklahoma Pub. Co.*, 748 F.2d 1421, 1424 (10th Cir.1984) ("While it may be conceded that parties to litigation have a constitutionally protected right to disseminate information obtained by them through the discovery process absent a valid protective order, it does not follow that they can be compelled to disseminate such information."). In fact, the Seventh Circuit stated in *Grove Fresh Distributors, Inc. v. Everfresh Juice Co.*, 24 F.3d 893, 898 (7th Cir.1994), that "the media's right of access does not extend to information gathered through discovery that is not part of the public record." If, as Intervenors allege (Viele Aff., ¶ 6), Firestone requires persons seeking access to the reading room to execute a confidentiality agreement, then that arrangement is the concern of the parties, not of the Court.[7] As discussed above, once one of the parties has petitioned the Court to act with regard to the confidentiality of documents, only then do our duties commence and only then do the Intervenors have a role in this litigation.

### Conclusion

It is therefore ORDERED that the Press be granted leave to intervene for the limited purposes of advocating for public access to certain materials in this litigation.

FURTHER, it is Ordered that should Intervenors wish to file a memorandum of law in response to the parties' joint motion for a confidentiality order or to the parties' separate motions and proposed orders on confidentiality, Intervenors must file this brief no later than fifteen (15) days from the filing of the parties' confidentiality motion(s);

FURTHER, it is Ordered that whenever a party or parties file a motion seeking leave to file under seal, Intervenors must file any memorandum of law they wish to submit on the issue within ten (10) days of the filing of the motion seeking leave to file under seal;

FURTHER, it is Ordered that Daniel P. Byron of McHale Cook & Welch, 320 North Meridian Street, Indianapolis, IN 46204–1781 shall serve as Liaison Counsel for Intervenors. Mr. Byron is specifically charged with the responsibility for communications between Intervenors and the Court and between Intervenors and other counsel, including the receipt and distribution of notices, orders, motions, and briefs. Richard L. Klein of Wilkie Farr & Gallagher, 787 Seventh Avenue, New York, N.Y. 10019 shall be removed from the Attorney Service List. Mr. Klein may continue to appear for the Press, but he will obtain service and notice through Mr. Byron.

It is so ORDERED this ___ day of January 2001.

---

7. We note an article reporting that, as part of settlement in a Texas state court lawsuit, Defendants have agreed to make public all documents already submitted to the government. Megan K. Stack, *Settlement Reached in Ford Lawsuit*, Associated Press Wire, Jan. 8, 2000. This settlement provision might well alleviate some of the conflict between Intervenors and Defendants regarding access to the reading room.