DAVID J. FRANK LANDSCAPE
CONTRACTING, INC.,
Plaintiff,

v.

LA ROSA LANDSCAPE and Tim
R.S. Garland, Defendants.

CIV. A. No. 00–C–1258.

United States District Court,
E.D. Wisconsin.

Feb. 19, 2001.

---

4.  Or, what if the Circuit Court delayed ruling on Bezy's motion for more than thirty days after it was filed?

David J. Sisson, Reinhart, Boerner, Van Deuren, Norris & Rieselbach, Milwaukee, WI, for plaintiff.

Patrick J. Knight, Kathryn A. Keppel, Gimbel, Reilly, Guerin & Brown, Milwaukee, WI, for defendants.

**ORDER DATED ——————**
**DENYING PARTIES' REQUEST FOR STIPULATED PROTECTIVE ORDER.**

REYNOLDS, District Judge.

Plaintiff David J. Frank Landscape Contracting, Inc. ("Frank"), alleges that defendants La Rosa Landscape ("La Rosa") and Tim R.S. Garland ("Garland") engaged in misrepresentation and unfair competition under the Lanham Act and copyright infringement under the Copyright Laws of the United States. Frank also alleges state law claims for breach of contract and false advertising. Because this case involves a question of federal law, this court has jurisdiction pursuant to 28 U.S.C. § 1331. This court has supplemental jurisdiction over Frank's state law claims pursuant to 28 U.S.C. § 1367. Before the court is a stipulated protective order submitted by Frank, La Rosa, and Garland.

The parties' stipulation would provide court-sanctioned confidentiality to a variety of discovery materials produced in this action. The proposed order is of a type that many courts routinely approve without much scrutiny. The Seventh Circuit, however, has emphasized the need for more thorough consideration when it comes to issuing protective orders. *See Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943 (7th Cir.1999).

Rule 26(c) of the Federal Rules of Civil Procedure governs the issuance of discovery-related protective orders. That rule permits parties to move for protective orders for "good cause shown." Fed .R.Civ.P. 26(c). The Seventh Circuit has held that "[e]ven if the parties agree that a protective order should be entered, they still have 'the burden of showing that good cause exists for issuance of that order.'" *Jepson, Inc. v. Makita Elec. Works, Ltd.*, 30 F.3d 854, 858 (7th Cir.1994) (quoting *Public Citizen v. Liggett Group, Inc.*, 858 F.2d 775, 789 (1st Cir.1988)). "In deciding whether to issue a stipulated protective order, the district court must independently determine if 'good cause' exists." *Id.* Determining whether good cause exists requires a balancing of the potential harm to litigants' interests against the public's right to obtain information concerning judicial proceedings. The court does not necessarily have to determine good cause on a document-by-document basis. *See Citizen's First Nat'l Bank of Princeton v. Cincinnati Insurance Co.*, 178 F.3d 943, 946 (7th Cir.1999). However, the parties must show "that disclosure will work a clearly defined and serious injury." *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3rd Cir.1994).

The parties here have made no showing of good cause. In fact, the parties have not provided the court with a reason as to why they are requesting a protective order. The Seventh Circuit does not permit district courts to issue protective orders when the parties do not show cause.

The parties are free to enter agreements between themselves regarding how they will disseminate material produced in discovery. If the parties then disagree about whether particular documents should be deemed confidential, the party seeking protection can make a Rule 26(c) motion regarding those documents. Otherwise, if the parties still wish to obtain the broad protective order sought in their stipulation, they must provide the court with specific descriptions of the individual materials or categories of materials they seek to protect. The parties should also provide affidavits explaining why good cause exists to protect those materials from disclosure.

## CONCLUSION

The request by the parties for entry of a stipulated protective order is **DENIED**.

SO ORDERED — this day of February, 2001.