Robert PIERSON, Plaintiff,

v.

INDIANAPOLIS POWER &
LIGHT CO., Defendant.

No. IP01–0460–C–Y/F.

United States District Court,
S.D. Indiana,
Indianapolis Division.

Jan. 9, 2002.

Deborah E. Albright, Monday Rodeheffer Jones & Albright, Indianapolis, IN, for plaintiff.

R. Anthony Prather, Barnes & Thornburg, Indianapolis, IN, for defendant.

## ENTRY

### on *Motion Requesting Approval and Entry of Parties' Agreed Protective Order* (doc. no. 21)

FOSTER, United States Magistrate Judge.

 Federal courts must independently determine whether "good cause" exists for proposed protective orders. Fed.R.Civ.P. 26(c); *Citizens First National Bank of Princeton v. Cincinnati Insurance Co.*, 178 F.3d 943 (7th Cir.1999); they cannot grant parties *carte blanche* to seal or protect whatever they desire, *Citizens First*, 178 F.3d at 944. Independent and careful evaluations of protective orders are especially important because "[t]he judge is the primary representative of the public interest in the judicial process...." *Citizens First*, 178 F.3d at 945. When presented with an agreed proposed protective order seeking to seal documents produced in discovery, the court must ensure that (1) the information sought to be protected falls within a legitimate category of confidential information, (2) the information or category sought to be protected is properly described or demarcated, (3) the parties know the defining elements of the applicable category of confidentiality and will act in good faith in deciding which information qualifies thereunder, and (4) the protective order explicitly allows any party and any interested member of the public to challenge the sealing of particular documents. *Id.*, 178 F.3d at 946.

The defendant moves the Court to issue the parties' agreed proposed protective order. Because the proposed order fails to meet the above standard, the motion is denied with leave to re-submit.

 First, the parties have not shown that the information they seek to protect falls within a legitimate category of confidential information. The proposed order states that its purpose is "to preserve and maintain the confidentiality of personnel records, employment agreements, or any other information which may be disclosed or obtained by the parties through the production of certain confidential or proprietary documents and to preserve the privacy rights of non-parties to this action." It also states that "Defendant possesses personnel and other records, the disclosure of which could invade the privacy rights of non-parties to this action and could cause serious injury or damage to their business." Neither personnel records nor employment agreements are, without more, legitimate categories of confidential information. Including the qualifiers "private", "confidential", or "proprietary" adds nothing. Characterizing the records as those the disclosure of which could invade privacy rights of non-parties and injure the defendant's business is merely conclusory. The parties' motion included a non-exhaustive list of specific items of information to be protected—*viz.*, employees' names, dates of employment, disciplinary histories, reasons for separation or termination, and last-known contact information—which is a good approach, but such a list is not included in the proposed order and no showing was made that justifies sealing the listed items of information.[1] Finally, the qualifier that the information "could cause serious injury or damage to their business"[2] is far too vague. In short, the Court simply cannot determine what information the parties will be sealing, whether and under what circumstances it may be sealed, or whether the parties will be making good faith and accurate designations of information.

 Second, the category "any other information that might be disclosed or obtained

---

1. While it is not uncommon for courts to protect employee disciplinary records and reasons for termination or separation under the right circumstances, protecting employees' names, addresses, employment dates, and last-known contact information in a case like this one is unusual. The parties are required to show that each item of information falls within a legitimate category of confidentiality.

2. It is unclear whether the parties mean that disclosure of information in Indianapolis Power & Light's personnel or employment records could seriously injure Indianapolis Power & Light's business or the employees' business. Either way, such business injury is difficult to imagine.

by the parties through the production of certain confidential or proprietary documents", (Motion, Exhibit A, p. 1), is entirely too vague and overbroad; it amounts to an impermissible *carte blanche* discretion by the parties.

█ Third, although the parties specifically designate the defendant's responses to the plaintiff's First Request for Production of Documents, nos. 7 and 8, as sealed information, neither the requests for production nor the responses were submitted on the present motion or cited to in the record.

█ Finally, paragraph 4 on page 4 of the proposed order provides that sealed documents and information exchanged in this Cause shall not be used—by the plaintiff or, presumably, anyone else to whom the documents or information are disclosed—for the purpose of any other litigation against the defendant. This Court will not so constrain other courts' control of litigation before them. The parties shall add language to the effect that use of sealed information in other litigation is prohibited unless ordered by the courts before whom such other litigation is pending.

The defendant's motion is denied with leave to resubmit.