**EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,
Plaintiff,**

v.

**SYNERGY HEALTH INC, Defendant.**

No. 08–CV–805.

United States District Court,
E.D. Wisconsin.

June 2, 2009.

Jean P. Kamp, John C. Hendrickson, United States Equal Employment Opportunity Commission, Chicago District Office, Chicago, IL, Nicholas J. Pladson, United States Equal Employment Opportunity Commission, Minneapolis, MN, for Plaintiff.

Amy Schmidt Jones, Mitchell W. Quick, Michael Best & Friedrich LLP, Milwaukee, WI, for Defendant.

**ORDER**

J.P. STADTMUELLER, District Judge.

■ On May 5, 2009, plaintiff Equal Employment Opportunity Commission ("EEOC") filed a stipulated protective order

governing the exchange of confidential information for the court's approval. (Docket # 10). The stipulation, for the most part, mirrors standard language provided in this district's Civil Local Rule 26.4. The stipulation allows either party to designate information or a document confidential if the party believes in good faith that "it contains trade secrets or nonpublic technical, commercial, financial, personal, medical or business information." (Stipulated Protective Order, ¶ 2, Docket # 10). Under the parties' proposal, a party's designation of a document as "confidential" alone would allow the filing of any document under seal. (Stipulated Protective Order, ¶ 7, Docket # 10). What is missing, in the parties' stipulation is a showing of good cause to issue such an order in this case. Therefore, the court declines to place its imprimatur on the parties' stipulation.

■ As this branch of the court has repeatedly stated, pretrial discovery must occur in the public eye unless compelling reasons exist for limiting the public's access. *American Telephone & Telegraph Co. v. Grady*, 594 F.2d 594, 596 (7th Cir.1979); Fed. R.Civ.P. 26(c); *see also Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945–46 (7th Cir.1999) (noting presumption of public access to discovery materials). In *Hicklin Eng'r, L.C. v. Bartell*, the Seventh Circuit articulated the rationale for maintaining a court record that is open to the public:

> Judges deliberate in private but issue public decisions after public arguments based on public records. The political branches of government claim legitimacy by election, judges by reason. Any step that withdraws an element of the judicial process from public view makes the ensuing decision look more like fiat and requires rigorous justification.

439 F.3d 346, 348 (7th Cir.2006). The *Hicklin* court reiterated "that litigation be conducted in public to the maximum extent consistent with respecting trade secrets, the identities of undercover agents, and other facts that should be held in confidence." *Id.* (citations omitted).

■ Rule 26(c) of the Federal Rules of Civil Procedure allows the court to enter a protective order for good cause shown. A protective order must only extend to "properly demarcated categor[ies] of legitimately confidential information." *Citizens First Nat'l Bank of Princeton*, 178 F.3d at 946. Here, the parties have delineated the general types of information that they may designate as confidential. Undoubtedly, the parties may agree amongst themselves on the manner in which they will treat each other's discovery materials internally. However, the proposed protective order is not limited to pretrial matters and, if approved, would allow the parties to file anything that they believe is confidential under seal. If the court were to approve this construction, both parties would be left with a "virtual carte blanche ... to seal whatever portions of the record the party wanted to seal." *Citizens First Nat'l Bank of Princeton*, 178 F.3d at 944. The Seventh Circuit has repeatedly invalidated such overly broad protective orders. *See, e.g., Citizens First Nat'l Bank of Princeton*, 178 F.3d at 945 (citations omitted); *see also Jepson, Inc. v. Makita Elec. Works, Ltd.*, 30 F.3d 854, 858 (7th Cir.1994) (holding that even if the parties agree on the terms of a protective order, they still must show good cause exists for the court to issue the order). Without reviewing any actual documents that might be designated as confidential, or being provided any specific need for such an order in this case, the court cannot determine whether good cause exists for such broad protection.

In *Citizens First Nat'l Bank of Princeton*, the Seventh Circuit provided a framework for protective orders addressing the confidentiality of discovery materials:

> There is no objection to an order that allows the parties to keep their trade secrets (or some other properly demarcated category of legitimately confidential information) out of the public record, provided the judge (1) satisfies himself that the parties know what a trade secret is and are acting in good faith in deciding which parts of the record are trade secrets and (2) makes explicit that either party and any interested member of the public can challenge the secreting of particular documents.

178 F.3d at 946. While the parties' proposed protective order provides for a process by which a party may object to a confidentiality designation, it provides no such opportunity for an interested member of the public. More fundamentally, the stipulation provides the court with no basis on which to determine whether good cause exists to seal anything that may ultimately be filed and become part of the record in this case.[1] The parties are free to refile a proposed protective order and any additional materials they deem necessary for the court to satisfy itself that good cause exists to issue a protective order in this case.

Accordingly,

**IT IS ORDERED** that approval of the parties' stipulated protective order (Docket # 10) be and the same is hereby **DENIED** without prejudice.

---

1. The court notes, parenthetically, that parties may avail themselves of the process set forth in General Local Rule 79.4(c) and (d) when seeking to file materials they believe contain matters fall-ing within a protective order. *See generally, Brown v. Automotive Components Holdings, LLC,* No. 06–CV–1802, 2008 WL 2477588, at *3 (S.D.Ind.2008).