**In re DFI PROCEEDS, INC., Debtor.**

**Mark A. Warsco, Liquidating Trustee, Plaintiff**

**v.**

**Moran Food, Inc., Defendant.**

**Bankruptcy No. 08–11955.**
**Adversary No. 10–1008.**

United States Bankruptcy Court,
N.D. Indiana,
Fort Wayne Division.

Jan. 14, 2011.

---

Mark A. Warsco, Theodore T. Storer, Rothberg Logan & Warsco LLP, Fort Wayne, IN, for Plaintiff.

Cassandra L. Writz, Bryan Cave LLP, Kansas City, MO, Thomas P. Yoder, Fort Wayne, IN, for Defendant.

**916**

## DECISION AND ORDER

ROBERT E. GRANT, Chief Judge.

 The parties have asked the court to approve an agreed protective order in this adversary proceeding. In general, the proposed order deals with the designation, dissemination, and use of confidential information. As with other discovery related matters, whether the court approves the protective order is a matter committed to its discretion. *Seattle Times Co. v. Rhinehart,* 467 U.S. 20, 37, 104 S.Ct. 2199, 2209, 81 L.Ed.2d 17 (1984); *Thomas v. International Business Machines,* 48 F.3d 478, 482 (10th Cir.1995); *Felling v. Knight,* 211 F.R.D. 552, 554 (S.D.Ind.2003). In the court's opinion, the order the parties propose is both unnecessary and overly broad. As a result, the court declines to approve it.

There are two basic components to the parties' agreement. To begin with, it provides a mechanism by which information disclosed during discovery or at trial can be identified as containing trade secrets or other confidential information. Once this has been done, in order to maintain confidentiality, the agreement places limits on who may be given access to that information, how it may be used, and how it is to be safeguarded. In the event any of these materials are to be filed with the court, the proposed order authorizes their filing under seal, without any further involvement from the court. The filer is to identify such materials as "confidential materials sealed by court order," whereupon the clerk is required to segregate them from other court files and allow access only by order of the court. It is the first of these arrangements—the desire for the court to approve the parties' agreement for the designation, dissemination, and safekeeping of confidential information—that the court considers unnecessary. It is the second aspect of their agreement—the proce-

dures for filing under seal—that the court regards as overly broad and, therefore, inappropriate.

 Discovery materials are no longer filed with the court. *See,* Fed.R.Civ.P. Rule 5(d)(1). Indeed, the rule is quite emphatic: they "must not be filed" until they are actually to be used in proceedings before the court. As a result, information produced during discovery is not part of the public record and members of the public do not have unfettered access to it just by coming to the clerk's office. Consequently, to the extent the desire to expedite litigation may have previously motivated courts to readily approve stipulations concerning the confidentiality of information produced during discovery, that is no longer necessary. Materials produced during discovery do not become part of the public record; it is only when someone seeks to use that information in connection with a judicial determination that it may become publicly available. *Baxter International Inc., v. Abbott Laboratories,* 297 F.3d 544, 546 (7th Cir.2002). *See also, Grove Fresh Distributors, Inc. v. Everfresh Juice Co.,* 24 F.3d 893, 897 (7th Cir.1994); *In re Continental Illinois Securities Litigation,* 732 F.2d 1302, 1310–13 (7th Cir.1984).

 The discovery rules themselves are designed to encourage litigants to confer and agree upon discovery related issues without involving the court. Rule 29 authorizes parties to stipulate to procedures governing or limiting discovery, and their stipulations do not require court approval unless they would interfere with the court's schedule for the litigation. Fed. R.Civ.P. Rule 29(b). Furthermore, a motion to compel discovery, or a motion for protective order, may not be filed unless the movant has first conferred in good faith (or attempted to do so) with the other

affected parties "in an effort to resolve the dispute without court action." Fed. R.Civ.P. Rule 26(c)(1); 37(a)(1). The rules are so emphatic on this point that they require the court to assess the costs and the attorney fees of a discovery dispute against the party that unnecessarily brings or resists a discovery motion. Fed. R.Civ.P. Rule 26(c)(3); Rule 37(a)(5). These discovery rules are designed to conserve judicial resources and allow the court to focus its attention only where it is actually needed: upon the resolution of disputes. Where the parties have resolved their discovery concerns by entering into an agreement between themselves, "[t]here would appear to be no need for court approval or intervention at all." *Frupac Intern. Corp. v. M/V "CHUCABUCO"*, 1994 WL 269271 at *1 (E.D.Pa.1994); *Taffinger v. Bethlehem Steel Corp.*, 2001 WL 1287625 at *3 (E.D.Pa.2001); *Smith v. City of Chicago*, 2005 WL 3215572 *3 (N.D.Ill.2005). The fact that the court does not approve such an agreement does not make it meaningless. There would be little point in Rule 29(b) authorizing parties to stipulate to discovery matters if those stipulations could not be enforced. Court approval is simply unnecessary. The agreements continue to have vitality and, in the event of a breach or threatened breach, may still furnish the basis for a request for appropriate relief. *Frupac*, 1994 WL 269271 at *3. *See also, Taffinger*, 2001 WL 1287625 at *3; *Smith*, 2005 WL 3215572 at *3.

■ The second aspect of the parties' agreement authorizes them to file information which has been designated as confidential under seal, without any further involvement from the court. This is as inappropriate as the first part of their agreement is unnecessary. Secrecy is fine during the discovery stage, but once material enters the judicial record a different standard applies and agreements that were appropriate at the discovery stage may no longer be appropriate later in the proceeding. *Baxter Intern., Inc. v. Abbott Laboratories*, 297 F.3d 544, 545, (7th Cir. 2002). Good cause is required to seal any portion of the court's record, *Citizens First National Bank v. Cincinnati Ins. Co.*, 178 F.3d 943, 944 (7th Cir.1999), and that does not exist merely because the parties have agreed that certain information should be kept confidential. *Matter of Dennis Bamber, Inc.*, 2007 WL 781378, at *2 (Bankr.N.D.Ind.2007). *See also, Citizens First National Bank*, 178 F.3d. at 945 ("[the judge] may not rubber stamp a stipulation to seal the record.")

■ Here, as in *Citizens First National Bank*, the parties' agreement as to what can be designated confidential, and therefore what is to be kept under seal, is so broad that it effectively gives them carte blanche to seal any portion of the record they may desire. Any party is allowed to "designate as confidential any information to be disclosed in discovery or at trial which such party in good faith believes constitutes or contains trade secrets or other confidential information." Agreed Protective Order, ¶ 2. Although these designations are to be made "in good faith" their scope is a little different from what the Seventh Circuit concluded was "far too broad to demarcate a set of documents clearly entitled without further inquiry to confidential status." *Id.* at 945. There is no difference between the "believed to contain trade secrets" language the circuit criticized and the "believes … contains trades secrets" provisions of the order the court has been asked to approve. Similarly, "other confidential information is much to broad." *Id.* at 945.

■ As in *Citizens First National Bank*, the proposed protective order is inappropriate for yet another reason. It is

not limited to information disclosed during discovery. It also protects and seals information disclosed at trial. *Id.* When it comes to sealing documents, testimony or other information filed with or presented to the court in connection with judicial proceedings, the Seventh Circuit clearly frowns upon the broad prophylactic approach reflected in the parties' proposed agreement—an approach which is designed to protect and seal anything that might be designated as confidential, whether or not it is actually used in connection with the proceeding. The circuit prefers a much more individualized approach that focuses upon the documents and information actually used in the proceeding. *See, Baxter Intern., Inc.*, 297 F.3d 544; *Citizens First National Bank*, 178 F.3d 943. Such an approach has much to recommend it. By requiring a focused consideration of more particularized information, it allows the court to exercise its gate keeping and supervisory functions to protect the public interest in open access to judicial proceedings. *Baxter Intern., Inc.*, 297 F.3d at 546; *Citizens First National Bank*, 178 F.3d at 945. *See also, Grove Fresh*, 24 F.3d at 897; *Continental Illinois*, 732 F.2d at 1308–09, 1314. Agreements for secrecy are replaced by an independent determination concerning the information to be sealed and, given the nature of that information, whether the proffered reasons for secrecy outweigh the competing interests of disclosure and public access.[1] *Bamber*, 2007 WL 781378 at *1 (citing *Nixon v. Warner*, 435 U.S. 589, 599, 98 S.Ct. 1306, 1312–1312, 55 L.Ed.2d 570 (1978)). *See also, Jepson, Inc. v. Makita Elec. Works, Ltd.*, 30 F.3d 854, 858–60 (7th Cir.1994); *Continental Illinois*, 732 F.2d at 1313–16. That is not a determination that can be made at the present time.

The motion to approve the parties' agreed protective order is therefore DENIED.

---

[1] In some instances, sealing may not be necessary. The simple redaction of information may be all that is needed in order to protect it. *Citizens First National Bank*, 178 F.3d at 945.