**In re Brandon Edward RAZO, Debtor.**

**State of Indiana on the relation of the Indiana Department of Workforce Development, Plaintiff**

v.

**Brandon Edward Razo, Defendant.**

**Bankruptcy No. 10–13483.**
**Adversary No. 10–1209.**

United States Bankruptcy Court,
N.D. Indiana,
Fort Wayne Division.

March 17, 2011.

---

LeGrand L. Clark, Office of the Attorney General, Indianapolis, IN, for plaintiff.

Steven J. Glaser, Glaser & Ebbs, Fort Wayne, IN, for defendant.

## DECISION AND ORDER DENYING MOTION TO SEAL

ROBERT E. GRANT, Chief Judge.

The complaint in this adversary proceeding alleges that the debtor fraudulently obtained more than $22,000 in unemployment benefits and seeks a declaration that his resulting obligation to the State of Indiana is a non-dischargeable debt. *See*, 11 U.S.C. § 523(a)(2), (7). The state has recently filed a motion for summary judgment, and with it a separate motion to seal the various documents it wants to use as exhibits to that motion. The motion to seal indicates that the exhibits contain "information obtained in the administration of [Indiana's Unemployment Compensation System] and [plaintiff's] records relating to unemployment tax or benefit payments" and that such information is "confidential and cannot be revealed in any manner disclosing an individual's identity." *Motion to Seal*, filed Mar. 9, 2011, ¶ 2. Unfortunately, the motion was not accompanied by a brief in support thereof, as required by the court's local rules, *see*, N.D. Ind. L.B.R. B–7007–1(a), and so the court has nothing to go on, beyond the motion's two brief paragraphs, to assist it in deciding the question of confidentiality and filing under seal.

To begin with, the court is a bit skeptical that Indiana law really means what the motion suggests: that all information obtained during an investigation of unemployment compensation benefits is confidential and cannot be revealed in any manner. Taken literally, that would prevent any proceedings to enforce or collect overpayments, including this one, because

for them to be successful would require that information obtained during an investigation be disclosed in some manner to someone, if only to the judge. If things are interpreted a bit more narrowly, so that it is only "an individual's identity" that is not "in any manner" to be disclosed, the wholesale filing of everything under seal might not be necessary and the simple redaction of some information from the exhibits might be all that is required.[1] *See, Citizens First Nat'l Bank v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999). A proper brief would have identified and addressed issues such as these, as well provide as the legal standard the court should apply to the overall motion. *See, In re King*, 2006 WL 1994679, 2006 Bankr.LEXIS 1416 (Bankr.N.D.Ind.2006) (discussing the purpose and content of a brief).

■ There is a presumption that documents filed with the court, as well as the other information presented to it in connection with a judicial determination, are to be publicly available. *Nixon v. Warner*, 435 U.S. 589, 602, 98 S.Ct. 1306, 1314, 55 L.Ed.2d 570 (1978); *Jessup v. Luther*, 277 F.3d 926, 928 (7th Cir.2002); *Baxter Int'l, Inc. v. Abbott Laboratories*, 297 F.3d 544, 545 (7th Cir.2002); *Citizens First*, 178 F.3d at 944–45; *Bodemer v. Swanel Beverage, Inc.*, 2011 WL 338822 *1 (N.D.Ind. 2011); *Matter of Bamber*, 2007 WL 781378 *1 (Bankr.N.D.Ind.2007). As a result, good cause is required to seal any portion of the court's record, *Citizens First*, 178 F.3d at 944–45; *In re DFI Proceeds Inc.*, 441 B.R. 914, 917 (Bankr.N.D.Ind.2011),

and the movant bears the burden of proving that such cause exists. *In re Bank One Securities Litigation*, 222 F.R.D. 582, 588 (D.N.D.Ill.2004). The request is addressed to the court's discretion. *Nixon v. Warner*, 435 U.S. 589, 599, 98 S.Ct. 1306, 1312, 55 L.Ed.2d 570 (1978); *Matter of Continental Illinois Securities Litigation*, 732 F.2d 1302, 1316 (7th Cir.1984).

■ Determining whether there is sufficient cause to seal anything can only be made on a case by case basis, after weighing the proffered reasons for secrecy against the competing interests of disclosure and public access. *Nixon*, 435 U.S. at 599, 98 S.Ct. at 1312–13; *Jessup v. Luther*, 277 F.3d 926, 928 (7th Cir.2002). The need for the court to actually make that determination cannot be avoided. It should not simply and uncritically accept the assertions of confidentiality but is, instead, "duty-bound ... to review any request to seal the record (or part of it)." *Citizens First*, 178 F.3d at 945. To facilitate this review, the materials submitted in connection with a motion to seal should "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations.... Motions that simply assert a conclusion, without the required reasoning, ... have no prospect of success." *Baxter Int'l*, 297 F.3d at 548.

■ The plaintiff has not even begun to satisfy its burden of proving that there is cause to file anything under seal. It has simply asserted, without any analysis, that certain things are confidential and cannot be revealed. That is clearly not enough,

---

1. If either of these interpretations is correct, the plaintiff has probably already disclosed information it now contends is to be kept confidential. Based solely on the allegations in the complaint, we know the plaintiff contends the debtor filed claims for unemployment compensation and in doing so made certain representations concerning his em-

ployment status. The complaint also tells us that the debtor received unemployment compensation for particular periods of time, as well as how much. Finally it alleges that he was actually employed during those time periods and by whom. Once all this is out in the open, what more could there possibly be to keep secret?

*Baxter Int'l,* 297 F.3d 544; *Bodemer,* 2011 WL 338822, and the motion to file under seal is, therefore, DENIED.

SO ORDERED.