**In re Todd R. HEMPLE and Angeline J. Hemple, Debtors.**

No. 02–11045.

United States Bankruptcy Court, D. Vermont.

June 18, 2003.

Rebecca A. Rice, Rutland, VT, for Debtors.

Jennifer Emens-Butler, Bethel, VT, for trustee.

Kim F. Lefebvre, Albany, NY, U.S. Trustee.

Kevin Purcell, Albany, NY, U.S. Trustee.

### ORDER

COLLEEN A. BROWN, Bankruptcy Judge.

On June 2, 2003, Raymond J. Obuchowski, as the chapter 7 trustee in this case (hereinafter, the "Trustee"), filed: (1) a Sealed Motion to Approve Compromise and Settlement Between Estate, Debtors and State Court Defendants Regarding Personal Injury Suit (doc. # 19) (hereinafter, the "Motion"); and (2) an Application of Counsel to Trustee for Allowance of Compensation (doc. # 20) (hereinafter, the "Application"). On June 9, 2003 the Office of U.S. Trustee electronically filed a consent to the Motion. The Trustee did not file a copy of the proposed settlement agreement, however, the Motion contains the following averments:

6. The Trustee has requested that both the Motion [doc. # 19] and the Fee Application [doc. # 20] be filed under seal due to the confidential agreement among the parties.

7. The Debtors and the Trustee agree that the filing of the documents under seal is warranted because the confidential agreement was a necessary precursor to the settlement and also because no creditor will be prejudiced based upon the 100% dividend. The settlement is in best interest of estate.

The Bankruptcy Code creates the presumption that all documents in bankruptcy cases are public documents. *See* 11 U.S.C. § 107.[1] The issue presented here is whether the mandates of § 107 apply to motions seeking to protect a party other than the debtor. It appears that § 107 is intended to protect reputations, trade secrets and systemic integrity, and is generally intended to protect debtors as they would be protected in the commercial setting, when such protection does not compromise the public's need or right to have access to bankruptcy cases. *See Video Software Dealers Assoc. v. Orion Pictures Corp. (In re Orion Pictures Corp.),* 21 F.3d 24 (2d Cir.1994) (instructing that when a party seeks the filing under seal, pursuant to § 107(b), of papers regarding trade secrets or "commercial information", a bankruptcy court must grant such relief;

---

1. **11 USC § 107. Public access to papers**

 (a) Except as provided in subsection (b) of this section, a paper filed in a case under this title and the dockets of a bankruptcy court are public records and open to examination by an entity at reasonable times without charge.

 (b) On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—

 (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information; or

 (2) protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title.

"good cause" is not a consideration when § 107(b) is invoked). Thus, the question is whether there is a public policy or public access basis for keeping confidential settlements between debtors and third parties.[2] None of the published cases addressing § 107 answer this question.

 Since the instant request for filing under seal is aimed at protecting a third party rather than the debtor, it appears to raise issues relating to the administration of the case and, hence, to fall within the purview of 11 U.S.C. § 105(a), as well as § 107. The criteria to be considered in determining whether confidentiality provisions in settlements justify keeping the substance of such settlements from public access must be flexible and vary according to the nature of the settlement and the specific extent and core-ness of the impact of the settlement on the bankruptcy case. *Cf. Joy v. North,* 692 F.2d 880, 894 (2d Cir.1982) (in the context of Fed.R.Civ.P. 26, reiterating that the decision to seal is "an exercise of judgment" that must be considered in light of "[t]he importance of the material to the adjudication, the damage disclosure might cause, and the public interest in such materials"). The starting point for this inquiry must be the general mandate of § 107 that absent compelling circumstances all documents filed in bankruptcy cases should be available to the public. Then, the specifics of the case presented and relevant factors must be considered. The types of relevant factors to be taken into account include: (1) the necessity of the settlement to the viability of the bankruptcy case; (2) whether the confidentiality provision is truly essential to the settlement, *i.e.,* whether the settlement would be withdrawn if the confidential provision were not honored; (3) whether the creditors have been notified of the request for approval of the settlement without disclosure of the amount or terms of settlement, and, if so, whether any objection was interposed; (4) if there has been an objection to the request to file the agreement under seal, whether the objection demonstrates harm to the public's need to know; (5) whether the creditors will clearly benefit from the settlement notwithstanding a lack of access to the specific terms of that settlement; (6) whether the debtor will suffer irreparable harm if the settlement agreement is not filed under seal; (7) whether the parties would be able to keep the terms of the settlement confidential in the absence of a bankruptcy filing; (8) whose interests are being protected by allowing the filing of the settlement agreement under seal and whether there is any negative impact either on the estate or in the treatment of other interested parties in the case; (9) what is the likelihood of other parties actually obtaining the details of the agreement if it is not filed under seal; and (10) whether the document needs to be kept under seal permanently or some shorter time period could suffice.

In this case, the Trustee has not demonstrated that the filing of the settlement agreement falls within the articulated exceptions to the Bankruptcy Code's general rule that all documents in a bankruptcy case be available to the public. *See* 11 U.S.C. § 107(a) and (b). Therefore, the motion to file under seal is DENIED without prejudice to the Trustee's right to re-

---

2. *Cf. Bergen Brunswig Corp. v. Ivax Corp.,* 1998 WL 113976 (S.D.N.Y.1998) (citing *Janus Films, Inc. v. Miller,* 801 F.2d 578 (2d Cir. 1986)) (where a case is terminated by adjudication, the basis of the judgment is subject to public scrutiny, but where a case is terminated by agreement of private parties, and the agreement is filed under seal, the court's role is minimal; denying a third party's request to unseal court document that contained agreement).

file the motion with specific assertions addressing the above referenced factors, as well as any other factors which the parties believe are relevant in this instance.

After reviewing both the Motion and Application, the Court finds that in all other respects both the Motion and Application should be granted. Specifically, the Court finds that, pursuant to Bankruptcy Rule 9019, the subject settlement to be in the best interest of the estate; and that the attorney's fees sought are reasonable and necessary.

**SO ORDERED.**