**IN RE: Marilyn Marrero RIVERA, Debtor**

**Luis Jose Roman Flores, Marie Liz Mediavila Rosado, Debtors**

**CASE NO. 14–06936 (ESL), CASE NO. 14–04072 (ESL)**

United States Bankruptcy Court, D. Puerto Rico.

Signed January 30, 2015

440

Felix M. Zeno Gloro, Arecibo, PR, for Debtor.

### MEMORANDUM AND ORDER

ENRIQUE S. LAMOUTTE INCLAN,
Bankruptcy Judge

In the referenced cases, the United States of America (the "U.S.") on behalf of its agency, the Social Security Administration, has filed complaints to determine the dischargeability of debts and to object to discharge. In both cases, the U.S. filed identical *Motion[s] to Seal Document and Restrict Access to Parties* (the "*Motions to Seal*", Case No. 14–04072 Docket No. 33 and Case No. 14–06936 Docket No. 18) because the complaints of the adversary proceedings it filed (Adv. Proc. No. 15–00014 and Adv. Proc. No. 15–00015, respectively) contain "matters that are confidential in nature, including medical conditions, and names of individuals that may or may not be involved investigations conducted by Federal investigative agencies". *Id.*, p. 1, ¶ 2. The court issued *Order[s]* in both cases granting the *Motions to Seal* (the "*Orders*", Case No. 14–04072 Docket No. 34 and Case No. 14–06936 Docket No. 19). For the reasons stated herein, the court *sua sponte* revisits the extent of such *Orders*.

### Authority to Revisit the Orders Sua Sponte

The court must evaluate the merits of individual motions to determine whether filing under seal is warranted, even if it had previously permitted the parties to file documents under seal. *See Fort Myers Div. Arthrex, Inc. v. Parcus Med., LLC*, 2014 U.S. Dist. LEXIS 53500 at \*12, 2014 WL 1569149 at \*3 (M.D.Fla. 2014). Moreover, "[e]ven without a challenge, the judge remains 'the primary representative of the public interest in the judicial process and is duty-bound therefore to review any request to seal the record (or part of it). He may not rubber stamp a stipulation to seal the record.' " *Estate of Martin Luther King, Jr., Inc. v. CBS, Inc.*, 184 F.Supp.2d 1353, 1363 (N.D.Ga.2002), quoting *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir.1999).

### Documents Filed Under Seal

"There is a strong presumption and public policy in favor of public access

to court records." *Togut v. Deutsche Bank AG (In re Anthracite Capital, Inc.),* 492 B.R. 162, 170 (Bankr.S.D.N.Y.2013), quoting *In re Borders Grp., Inc.,* 462 B.R. 42, 46 (Bankr.S.D.N.Y.2011). Section 107(a) of the Bankruptcy Code codifies the public's common law right to inspect and copy judicial records and creates a presumption that all documents filed in a bankruptcy case are accessible to the public and subject to examination by the public at reasonable times without charge. *See In re Anthracite Capital, Inc.,* 492 B.R. at 170; 11 U.S.C. § 107(a); *Video Software Dealers Assoc. v. Orion Pictures Corp. (In re Orion Pictures Corp.),* 21 F.3d 24, 26 (2nd Cir.1994); *Nixon v. Warner Commc'ns,* 435 U.S. 589, 597, 98 S.Ct. 1306, 55 L.Ed.2d 570 (1978) ("It is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents.") (citations omitted). Section 107 "is meant to cover *all* papers filed". *Gitto v. Worcester Telegram & Gazette, Corp. (In re Gitto Global Corp.),* 2005 U.S. Dist. LEXIS 7918 at *13, 2005 WL 1027348 at *4 (D.Mass.2005), *aff'd* 422 F.3d 1 (1st Cir.2005), citing the House Judiciary Report, H. Rept. No. 95–595 to accompany H.R. 8200, 95th Cong., 1st Sess. (1977), *in* Notes to 11 U.S.C. § 107 (stating that Section 107(a) "makes all papers filed in a bankruptcy case and the dockets of the bankruptcy court public and open to examination at reasonable times without charge"); William T. Bodoh & Michelle M. Morgan, *Protective Orders in the Bankruptcy Court: The Congressional Mandate of Bankruptcy Code Section 107 and its Constitutional Implications,* 24 Hastings Const. L.Q. 67, 82 (1996) ("The subsection 107(a) presumption of public access appears to have sweeping coverage over any and all items filed with the bankruptcy court."). This common law right is not absolute, however, and concealment may be necessary if access is sought for an improper purpose. *See Nixon,* 435 U.S. at 597–598, 98 S.Ct. 1306.

■ As such, Section 107(b) of the Bankruptcy Code creates "narrow statutory exceptions to the public access presumption, mandating that the court protect confidential information and defamatory or scandalous material upon request of a party in interest". *In re Anthracite Capital, Inc.,* 492 B.R. at 170, citing 11 U.S.C. § 107(b) ("On the request of a party in interest the bankruptcy court shall ... protect an entity with respect to ... confidential ... commercial information[ ] or ... protect a person with respect to scandalous or defamatory matter contained in a paper ..."); *In re Orion Pictures Corp.,* 21 F.3d at 27 ("[I]f the information fits any of the specified categories, the court is required to protect a requesting interested party and has no discretion to deny the application.").

■ In order to ensure that confidential information is protected as required under Section 107(b), Fed. R. Bankr.P. 9018 establishes the procedures to invoke Section 107 as follows:

**Secret, Confidential, Scandalous, or Defamatory Matter**

On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information, (2) to protect any entity against scandalous or defamatory matter contained in any paper filed in a case under the Code, or (3) to protect governmental matters that are made confidential by statute or regulation. If an order is entered under this rule without notice, any entity affected thereby may move to vacate or modify the order, and after a

hearing on notice the court shall determine the motion.

Fed. R. Bankr.P. 9018.

■■■ Fed. R. Bankr.P. 9018 does not expand a bankruptcy court's ability to limit access to papers filed beyond the powers conferred in Section 107 of the Bankruptcy Code nor does it provide a separate basis for relief. *See In re Gitto/Global Corp.,* 321 B.R. 367, 373 (Bankr.D.Mass.2005); Fed. R. Bank. P. 9018 Advisory Committee's note ("This rule provides the procedure for invoking the court's power under § 107 of the Code.").

■■■■ "The starting point for [a seal] inquiry must be the general mandate of § 107". *In re Hemple,* 295 B.R. 200, 202 (Bankr.D.Vt.2003). "If the § 107(b) exceptions do not apply, the inquiry is complete and the Court's decision will favor public access." *Also see In re FiberMark, Inc.,* 330 B.R. 480, 506 (Bankr.D.Vt.2005). Hence, a court's ability to limit the public's right to access remains an extraordinary measure that is warranted only under rare circumstances as "public monitoring is an essential feature of democratic control." *Geltzer v. Andersen Worldwide, S.C.,* 2007 U.S. Dist. LEXIS 6794 at *7, 2007 WL 273526 at *2 (S.D.N.Y.2007), citing *United States v. Amodeo,* 71 F.3d 1044, 1048 (2nd Cir.1995). "Inherent in the language of § 107(b) is the requirement that the party requesting the extraordinary relief provide the court with specific factual and legal authority demonstrating that a particular document at issue is properly classified as 'confidential' or 'scandalous'." *In re Anthracite Capital, Inc.,* 492 B.R. at 170–171, citing *United States v. Continental Airlines, Inc. (In re Continental Airlines, Inc.),* 150 B.R. 334, 340–41 (D.Del.1993) (refusing to seal documents based on "nothing more than the mere possibility" that they contained defamatory information). "Despite the mandates of § 107(b),

the Court has no authority to seal public documents or information derived from public documents." *In re Anthracite Capital, Inc.,* 492 B.R. at 171, citing *Chase v. Chase (In re Chase),* 2008 Bankr.LEXIS 2124, 2008 WL 2945997 at *7 (Bankr. S.D.N.Y.2008). The movant for filing under seal bears the burden of establishing the "statute or regulation" which makes the information or document confidential. *See In re Robert Landau Associates, Inc.,* 50 B.R. 670, 675 (Bankr.S.D.N.Y 1985), citing 11 U.S.C. § 107(b); *In re Oldco M Corp.,* 466 B.R. 234, 237 (Bankr.S.D.N.Y. 2012). "Good cause" is not a statutory requirement for granting the requested relief under Section 107(b). *See In re Orion Pictures Corp.,* 21 F.3d at 28; 11 U.S.C. § 107(b)(1). "A party who seeks to seal an *entire* record faces an even heavier burden." *Miller v. Ind. Hosp.,* 16 F.3d 549, 551 (3rd Cir.1994) (original emphasis). "A court must weigh the litigants' interests [ ] against the public's access to judicial documents and the emphasis on freedom of information". *Thompson v. Glenmede Trust Co.,* 1994 U.S. Dist. LEXIS 17311 at *2, 1994 WL 689046 at *1 (E.D.Pa.1994).

PR LBR 9018–1 states as follows:

**Secret, Confidential, Scandalous, or Defamatory Matter**

**(a) Documents Filed Under Seal.** Documents under seal shall be filed electronically using the correct event in CM/ECF, unless otherwise authorized by the court. (*See* "CM/ECF events to use when filing a sealed document")

**(b) Motion and Proposed Order.** The sealed material must be accompanied by a motion and proposed order. The proposed order shall identify the parties, if any, who may have access to material that is under seal and under what circumstances.

**(c) Determination of Motion to Submit Sealed Materials.** If a motion to

submit sealed materials is denied, the document shall be stricken from the record or returned to the movant if paper filing was authorized.

**(d) Access to Sealed Material.** Access to material that is under seal for parties not already authorized shall be by motion. The clerk shall give electronic access to the party granted access.

PR LBR 9018–1

 "In addition to the limited exceptions to public access set forth in §§ 107(b) and (c) [of the Bankruptcy Code], [Fed. R. Bankr.P.] 9037(a) also *requires* the redaction of certain sensitive, private information from documents filed with the bankruptcy court. The information required to be redacted pursuant to Bankruptcy Rule 9037(a) includes social security numbers, taxpayer-identification numbers, financial account numbers, and the birthdates and names of minors." *In re Blake,* 452 B.R. 1, 8 (Bankr.D.Mass. 2011), citing Fed. R. Bankr.P. 9037(a) (original emphasis). "Any tension between (1) the policy of making documents, including transcripts of court proceedings, publicly and electronically available and (2) the need to protect the information encompassed by Bankruptcy Rule 9037(a) has been resolved by the Judicial Conference of the United States' 'Policy on Privacy and Public Access to Electronic Case Files (March 2008)' (the 'Judicial Conference Privacy Policy')". *Id.* at 8–9. Pursuant to such policy,

Amendments to the Appellate, Bankruptcy, Civil, and Criminal Rules to implement the requirements of the E–Government Act of 2002 took effect on December 1, 2007 [Pub.L. 107–347, 116 Stat. 2899, 44 U.S.C. § 101, H.R. 2458/S. 803]. The new rules codify, to a large extent, the 2001 Judicial Conference privacy policy, as revised in 2003, requiring redaction of personal identifier information from filings. The personal identifiers to be redacted are Social Security numbers, names of minor children, financial account numbers, dates of birth, and, in criminal cases, home addresses.

[c]ourts making electronic documents remotely available to the public shall make electronic transcripts of proceedings remotely available to the public if such transcripts are prepared. Prior to being made electronically available from a remote location, however, the transcripts must conform to ... Fed. R. Bankr.P. 9037(a).

Once a prepared transcript is delivered to the clerk's office pursuant to 28 U.S.C. § 753, the attorneys in the case are (or, where there is a self-represented party, the party is) responsible for reviewing it for the personal data identifiers required by the federal rules to be redacted, and providing the court reporter or transcriber with a statement of the redactions to be made to comply with the rules.

*http://www.uscourts.gov/RulesAnd Policies/JudiciaryPrivacyPolicy/March 2008RevisedPolicy.aspx.*

Some factors consider granting a seal are:

whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the **availability of a less onerous alternative to sealing the documents.**

*Romero v. Drummond Co.,* 480 F.3d 1234, 1246 (11th Cir.2007) (emphasis added).

Hence, "[r]edacting documents to remove only protectable information is preferable to wholesale sealing. The policy favoring public access supports making public as much information as possible while still preserving confidentiality of protectable information." *In re Borders Group, Inc.,* 462 B.R. 42, 47 (Bankr. S.D.N.Y.2011). After all, "when protection is required under § 107, the Court has discretion in deciding *how* to protect [ ] information as § 107 does not mandate sealing—only protection". *In re Anthracite Capital, Inc.,* 492 B.R. at 180, citing *In re Borders Group, Inc.,* 462 B.R. at 47 (emphasis in original). *Also see In re Lomas Fin. Corp.,* 1991 U.S. Dist. LEXIS 1589 at *5, 1991 WL 21231 at *2 (S.D.N.Y. 1991) (bankruptcy court's order sealing document is "overbroad" where entire document was sealed though "[o]nly four sentences contain[ed] the offending material"); *In re Anthracite Capital, Inc.,* 492 B.R. at 180 (the adversary proceedings were not sealed in their entirety under Section 107(b)(1) and the parties were afforded the opportunity to argue for redaction of confidential information at a hearing).

In its *Motions to Seal,* the U.S. only alleges that the complaints in the adversary proceedings contain "matters that are confidential in nature, including medical conditions, and names of individuals that may or may not be involved investigations conducted by Federal investigative agencies". *Id.,* p. 1, ¶2. The U.S. does not provide the court with "specific [ ] legal authority demonstrating that [the] document[s] at issue [are] properly classified as 'confidential' or 'scandalous' " under Section 107(b) of the Bankruptcy Code. *In re Anthracite Capital, Inc.,* 492 B.R. at 170–171, citing *In re Continental Airlines, Inc.,* 150 B.R. at 340–341. Also, the U.S. has not proffered the availability of a less onerous alternative to sealing the entire adversary proceedings.

### Conclusion

In view of the foregoing, the court hereby schedules a hearing on the instant cases for May 29, 2015 at 9:30 a.m. to consider the duration and how to adequately protect the confidential information in the adversary proceedings.

SO ORDERED.